■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GAITO, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered August 11, 1982, upon a verdict convicting defendant of the crime of burglary in the third degree. During the early

morning hours of June 7, 1981, the S & M Grocery in the City of Troy was burglarized. Two witnesses who were in an apartment across the street observed the burglary in progress and called the police. After responding to the call, the police picked up a person and brought him to the witnesses. One witness, who was acquainted with defendant because she rented her apartment from defendant's family and had often seen defendant, told the other witness that the person in the police car was defendant. She did not tell the policeman this, however, stating to him that she was unwilling to make a statement. She later made a statement to the police implicating defendant in the crime and at trial identified defendant as the perpetrator of the crime and the person in the police car. The other witness, at trial, identified the person in the police car as defendant, but could not identify him as a perpetrator of the crime. In making out his report, the policeman named defendant's brother, Joey, as the person he picked up and transported in his police car to be identified by the witnesses. The policeman testified that this was an inadvertent mistake and that, in reality, it was defendant who had been in the police car. Defendant's witnesses testified that it was Joey Gaito in the police car and that defendant was home asleep at the time of the crime and the identification by the witnesses. Defendant was convicted of burglary in the third degree, the only crime for which he was indicted, and was sentenced to an indeterminate term of imprisonment of two and one-third to seven years. Initially, defendant claims that reversal is required because the identification evidence was questionable, the alibi was strong, and the prosecutor made prejudicial remarks during summation. We disagree. The determination of guilt is for the jury, which has the advantage of hearing the testimony and seeing the witnesses as they testify. The jury in this case heard the alibi evidence and the testimony concerning the problems associated with the identification of the person in the police car. It was exclusively for the jury to consider the credibility of the witnesses and to resolve these issues (see, e.g., *People v Cummings,* 90 AD2d 622, 623). There are no remarkable circumstances in this case, unlike the cases cited by defendant, which cause us to believe that the jury's verdict was improper. Viewing the evidence in the light most favorable to the People (see *People v Kennedy,* 47 NY2d 196, 203), the evidence of guilt was legally sufficient. Furthermore, the remarks of the prosecutor which defendant now claims as prejudicial were unobjected to, thereby preventing our review on appeal (CPL 470.05, subd 2). In any event, though the remarks would better have been left unsaid, they simply do not rise to the level which requires reversal, especially considering the trial, including summations and jury instructions, as a whole (see *People v Whalen,* 59 NY2d 273, 280-281; *People v Bailey,* 58 NY2d 272). Defendant also contends that he was ineffectively represented by his trial counsel because he failed to call two witnesses who would have provided additional testimony that Joey Gaito and not defendant was in the police car at the time the witnesses to the crime were asked to make an identification. A review of the record herein reveals that defense counsel was an able advocate for his client and thoroughly familiar with the case (see *People v Droz,* 39 NY2d 457, 462). The testimony by two additional witnesses would have been cumulative to substantial testimony already received and ultimately rejected by the jury. Moreover, defense counsel, in an affidavit to County Court in support of a motion to set aside the verdict on the ground of newly discovered evidence, stated that these witnesses did not come forward until after conviction and could not have been produced even with due diligence. There is nothing in the record to refute this. Accordingly, we conclude that, viewing this case in its totality as of the time of the representation, defendant was provided with meaningful representation which did not abridge his right to counsel (see *People v Baldi,* 54 NY2d 137, 147).

Finally, after considering the nature of the crime and defendant's prior record, we cannot say that County Court abused its discretion in sentencing defendant. Accordingly, the sentence must stand. Judgment affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.