■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE NICHOLOS, Also Known as STEVE NICHOLAS,.Appellant. — Mahoney, P. J. Appeal from a judgment of the County Court of Greene County (Fromer, J.), rendered March 9, 1982, upon a verdict convicting defendant of the crimes of conspiracy in the third degree, grand larceny in the third degree and offering a false instrument for filing in the first degree (six counts).

Defendant, codefendant Robert Holmes, and two other individuals were employed by the Greene County Department of Social Services (DSS) when, in January of 1975, they decided to form a partnership to provide transportation services to Medicaid patients served by DSS. The evidence indicates that while DSS supported the idea, since it suffered from a shortage of drivers, DSS informed the individuals that the business had to be conducted on their own time and they had to keep accurate records of the services provided. The partnership submitted vouchers to DSS, which issued checks to the business based on the vouchers.

As a result of an investigation by the Attorney-General's office for Medicaid fraud control, defendant and Holmes were indicted on charges of conspiracy, grand larceny, petit larceny and offering a false instrument for filing. The charges stemmed from allegations that the partnership had filed fraudulent vouchers seeking payment for transportation services which had not been rendered, or which had been rendered by DSS employees in county vehicles on county time, or for which a claim had previously been submitted. After a jury trial, defendant and Holmes were found guilty of conspiracy in the third degree, grand larceny in the third degree and six counts of offering a false instrument for filing in the first degree. Defendant has

appealed, contending that the verdict was not supported by sufficient evidence.

Since the jury found defendant guilty, the evidence must be viewed in a light most favorable to the People (*People v Kennedy,* 47 NY2d 196, 203). Further, the credibility of witnesses is a matter for the trier of fact (*supra,* at p 204; *People v Gaito,* 98 AD2d 909, 910). The People introduced the testimony of one of the original members of the partnership that when the partnership was formed, a fraudulent purpose was intended. Additionally, there is a great deal of evidence establishing that false claims were filed. Testimony of eyewitnesses established that defendant was aware that false claims were filed. Additional evidence supporting defendant's knowledge of the illegality was supplied by testimony of an investigator that defendant initially lied to him during the investigation and of one of the prosecution witnesses that, while he was outside the courtroom waiting to testify, defendant told him "not to remember anything". The testimony of the prosecution witnesses, if believed, supports the verdict.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.