THIRD DEPARTMENT, FEBRUARY, 1986

(February 6, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM K. GRAHAM, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 24, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant's conviction stems from incidents which occurred

at the Albany County Airport on March 8, 1984. On that date the complainant, who worked as an agent for a car rental company at the airport, apparently went there to obtain drugs from defendant, whom she claims she knew as an airport maintenance worker. After meeting inside a building at the airport, the two entered defendant's automobile in furtherance of the drug transaction. Defendant's brother-in-law, Edward Love, was in the vehicle at the time and the three began to smoke marihuana. According to the complainant, defendant then made sexually explicit remarks to her, pulled a knife, and raped and sodomized her. Subsequently, defendant drove some distance from the airport where he released the complainant after warning her not to tell anyone what had happened. After her release, the complainant claimed that she was too frightened and ashamed to tell anyone about the incident, so she hitchhiked back to the airport where she retrieved her own automobile and drove home. After missing work for two days, she finally confided in a friend and co-worker. Apparently, it was this co-worker who reported the incident and it was not until two weeks later that a police investigator, acting on the information supplied by the co-worker, contacted the complainant. When approached by the investigator, the complainant, for the first time, related the rape and sodomy.

At trial, Love, in exchange for immunity from prosecution, generally corroborated the complainant's testimony. The complainant testified that she initially lied about certain facts, i.e., she first said the attack occurred between 9:30 P.M., and 12:00 A.M., when actually it was about 4:00 P.M., and she also initially stated that she was forcibly abducted by defendant. She claimed that her reason for lying was to hide the fact that she intended to purchase drugs from defendant. She acknowledged that she corrected the inaccuracies of her original version when she was informed that Love was to testify.

Defendant denied any involvement in the entire transaction, claiming that he knew the complainant only as a co-worker at the airport and that he had only exchanged a casual "hello" to her about 15 or 20 times. Defendant was convicted as charged and sentenced to consecutive terms of 12½ to 25 years' imprisonment.

On this appeal, defendant maintains error in the trial court's refusal to supply him with the records of the complainant's prior psychiatric history. Admittedly, about two years prior to this incident, the complainant had been committed to Capital District Psychiatric Center. The trial court reviewed

these psychiatric records in camera and determined that they were irrelevant, finding nothing therein which would indicate that she suffered from hallucinations or fantasies, or that she had ever made false claims about sexual attacks. Accordingly, the court denied the request to permit defendant's examination of those records. We, too, have examined the records supplied by the District Attorney in camera and find that the trial court's refusal of defendant's request was not an abuse of discretion, since the records contained no evidence of hallucinations, fantasies or false claims of sexual attack. Further, contrary to defendant's contention, there was no showing that the complainant's mental health was material to the jury's assessment of her credibility (cf. People v Parks, 41 NY2d 36, 48-49), and even if a connection were found, it would be so remote as to permit the trial court to exclude it on the ground of confusion of issues (see, People v Ahearn, 88 AD2d 691, 692).

As to defendant's claim that the testimony of his accomplice, Love, was not corroborated under the rule prescribed by CPL 60.22, we find more than sufficient corroboration in the testimony of the complainant to support Love's testimony.

Defendant further argues that reversal is required in that he was denied certain exculpatory material (see, Brady v Maryland, 373 US 83). In particular, defendant points to evidence that the complainant was hospitalized 11 days after the incident for a concussion sustained in an automobile accident, but did not then disclose the rape and sodomy. Further, two weeks after she reported the attack, the complainant received medical care as well as a pregnancy test. We disagree with defendant's claim and conclude that this evidence, even if found useful to the defense, does not require a retrial since the evidence would not have been likely to change the verdict (see, People v La Bombard, 99 AD2d 851) in light of the overwhelming testimony of defendant's guilt supplied by the complainant and Love.

Defendant also urges that his motion for a mistrial should have been granted by reason of juror misconduct. It appears that after the jury had been selected but before opening statements of counsel, one of the jurors, Lisa Bassani, had occasion to observe defendant in a police van outside the courthouse and that defendant began banging on the window of the van in an attempt to command Bassani's attention. Although admittedly upset by the incident, Bassani told the trial court that it would have no effect on her verdict. The other jurors, to whom Bassani had related the incident, responded in a similar manner when questioned. In our opinion,

the trial court correctly denied defendant's motion for a mistrial. The incident did not evidence that the juror was "grossly unqualified" (CPL 270.35) as a result thereof (see, People v O'Connor, 106 AD2d 900), and Bassani herself was excused by the trial court prior to the commencement of trial.

Additionally, contrary to defendant's contention, we find that the testimony of the witnesses Barbara Levandoski and Lorrie McCleary, although mainly irrelevant, did not deprive defendant of a fair trial. This testimony bore only on defendant's credibility and was offered by the prosecution to contradict defendant's statement that he did not know the victim previously, except to say "hello" in passing. The testimony showed that he had "hung around" the area where the complainant worked. The admission of such testimony was, at most, harmless error.

Finally, we find no merit to defendant's claim of excessiveness in regard to his sentence. Defendant, who had an extensive prior criminal record, was sentenced as a second felony offender. In view of the heinous nature of the crimes of which he was convicted, we do not view the imposition of consecutive sentences of 12½ to 25 years on each count to be excessive. Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.