■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. DESMOND, Appellant.—Main, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered October 3, 1984, upon a verdict convicting defendant of the crime of robbery in the second degree.

Defendant was indicted for and convicted of the crime of robbery in the second degree, arising from the robbery of an all-night convenience store in the City of Binghamton, Broome County, on May 7, 1984. The record reveals that the convenience store clerk described the robber as being 5 feet 8 inches in height with medium-length dark brown hair, wearing a dark colored coat or shirt and with his face partially covered by a red flowered bandana. Two other individuals saw a man leaving the vicinity of the convenience store and gave police slightly varying descriptions. Police officers located a suspect, John Anderson, shortly thereafter. The clerk identified Anderson in a lineup as the robber and separately identified Anderson's voice as that of the robber. One of the other individuals also identified Anderson in a lineup as possibly being the man he had seen near the convenience store. Anderson told police investigators, first, that he had been drinking and "could have done it", and then later told them that in fact he did commit the robbery. He was unable, however, to provide police with any details about the robbery.

The day after the robbery, police investigators met James Boucher concerning the convenience store robbery. Boucher informed them that defendant had visited him the night before and told him that he had "done something stupid", that he had robbed a store and obtained $30. Boucher stated that he did not believe defendant at the time, but did believe him when he, Boucher, read an account of the robbery in the morning newspaper. He then gave police a brown suede jacket and a pellet gun which defendant had left in Boucher's apartment. Defendant subsequently was brought to police headquarters and confronted with the information supplied by Boucher. He initially denied any involvement with the robbery, but later confessed to the crime. In the course of his confession, he indicated that he had not covered his face with a bandana, but instead had pulled up his blue striped shirt to hide his face.

We are thus confronted with a situation in which two people have confessed to committing a crime which, in fact, was committed by only one man. Defendant contends, *inter alia,* that the evidence presented at trial failed to establish his guilt beyond a reasonable doubt, and we find this point to be well taken. We recognize that Anderson's confession to robbing the convenience store does not preclude defendant's conviction for the same robbery, since the jury is free to disbelieve evidence which might otherwise preclude his conviction *(see, People v Kennedy,* 47 NY2d 196, 201). Moreover, we recognize that the jury has the responsibility for determining identification issues *(see, People v Gaito,* 98 AD2d 909, 910). Nevertheless, even upon viewing the evidence in the light most favorable to the People, as we are required to do *(see, People v Kennedy, supra,* p 203), we find that the People's evidence is insufficient to support defendant's conviction. The fact that two people confessed to a crime which only one could have committed means that at least one person was untruthful, for whatever reason. While the jury could properly determine that defendant's confession was more believable than Anderson's, other evidence, ironically presented by the People, casts some doubt on defendant's guilt. The primary witness to the crime, the convenience store clerk, identified Anderson in a lineup and identified Anderson's voice as that of the robber. Another witness identified Anderson in the lineup as possibly being the person he saw leaving the vicinity of the convenience store. That same witness was unable to similarly identify defendant in another lineup. Next, when police used a tracking dog to track the robber from the convenience store,

the dog led police to the very spot where police stopped Anderson following the robbery. Finally, the clerk's testimony revealed that she was quite certain that the robber's face was covered by a red bandana, not a blue shirt such as that produced by defendant. Therefore, despite defendant's confession to the crime, we find that the People insufficiently established defendant's identity as the perpetrator of this robbery.

Judgment reversed, on the law and the facts, and indictment dismissed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.