■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL LUZUNARIS, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence Bernstein, J.), rendered March 2, 1988, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the third degree and sentencing him to concurrent indeterminate terms of imprisonment of from 8⅓ to 25 years and from 2⅓ to 7 years, respectively, unanimously affirmed.

Defendant's issues on appeal are unpreserved and, in any event, without merit.

The court's justification instruction to the jury to evaluate the reasonableness of defendant's belief that physical force was required in view of whether a reasonable person *would* have held the same belief as compared to *could* have held the same belief, had de minimis effect and could not have led the jury astray *(see, People v Goetz,* 68 NY2d 96). The charge properly emphasized the requirement of "reasonableness" under the circumstances confronting defendant, and allowed the jury to consider defendant's knowledge of the decedent's prior violent behavior and/or the defendant's state of mind.

The prosecutor's comment during cross-examination sug-

gesting that defendant fabricated his story after having the "luxury of being able to see all the witnesses" was improper *(see, People v Jackson,* 143 AD2d 363; *People v Bolden,* 82 AD2d 757), but immediately obviated by adequate curative instructions.

While it is misconduct for a prosecutor to use inflammatory language to appeal to the sympathies and fears of the jury *(see, People v Nash,* 49 AD2d 827; *People v Ashwal,* 39 NY2d 105), the remark regarding the impact on society of an acquittal, in context, went to the factual weaknesses in defendant's justification defense.

The sentence imposed was not unduly harsh or excessive. Convicted of the lesser included charge of manslaughter in the first degree, defendant, at the time of arrest, was in possession of a loaded weapon and 26 hollow-point bullets, indicating that he was not a peaceful man. In view of these circumstances, the trial court's maximum sentence was not an abuse of discretion *(People v Farrar,* 52 NY2d 302). Concur—Ross, J. P., Carro, Wallach and Rubin, JJ.