■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY A. COPP, Appellant.—Crew III, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered September 29, 1989, upon a verdict convicting defendant of the crimes of rape in the first degree, sodomy in the first degree and sexual abuse in the first degree.

Defendant, a patient at the behavioral science unit of St. Joseph's Hospital in the City of Elmira, Chemung County, was convicted of rape, sodomy and sexual abuse of a fellow patient, all accomplished by means of forcible compulsion. On this appeal defendant contends that the People failed to prove the element of forcible compulsion, that he was deprived of effective assistance of counsel, and that his sentence was harsh and excessive. We will address his contentions seriatim.

The evidence viewed in the light most favorable to the People reveals that the victim returned to the behavioral science unit from a day pass in the evening of January 14, 1989. Upon entering her room she turned around and saw defendant, who had entered the room behind her and closed the door. He walked over to her, hugged her and began to kiss her, at which point she testified that she became afraid. Defendant then said "[t]he messier it is, the better it is". The victim became more afraid and "just froze". She testified that she had observed an incident at the hospital the day before during which defendant had become abusive with a doctor and exhibited violent behavior, as the result of which she was terrified. The victim told defendant that she did not want him in her room, whereupon he pulled her into the bathroom and locked the door. Defendant then pulled down his pants and told her that he wanted oral sex, to which she replied "no". He pushed her shoulders down and shoved her face down trying to make her have oral sex when she again replied, "No, I don't want to." At this point the victim was trying to get away from defendant when he pulled her pants down, pushed her up against the bathroom door and tried to penetrate her from behind. He then grabbed her by the arms, turned her around and pushed her down to her knees, whereupon he penetrated her from behind. A physician who examined the victim sometime after the incident testified that the victim sustained a slight tear of the perineal body and tears of the posterior aspect of the rectum which the physician ascribed to rough sex. Based upon the record evidence we cannot say, as a matter of law, that the sexual activity did not result from forcible compulsion, nor do we find the verdict against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

Defendant's claim of ineffective assistance of counsel is twofold. First, defendant contends that trial counsel's ineffectiveness is demonstrated by his withdrawal of defendant's affirmative defense of mental disease or defect. It appears that defense counsel filed notice of such a defense upon receipt of a

report from a sex therapist who had examined defendant and opined that as the result of a severe head injury sustained by defendant in 1985, he lacked the ability to control impulsive sexual behavior and had no ability to appreciate the consequences of his conduct or that it was wrong. It further appears that the prosecution had defendant examined by a doctor who reported that defendant did not act as a result of mental disease or defect and did not lack substantial capacity to know or appreciate the nature and consequences of his conduct or that it was wrong. While it is clear that inconsistent defenses are permissible *(cf., People v Johnston,* 47 AD2d 897, 900), they are not always advisable, e.g., the act was not committed but, if it was, the defendant was insane or, as here, the activity was consensual but, if it was not, defendant was insane. In view of the existence of the not insubstantial alternative defense of consent, we cannot say that counsel's abandonment of the insanity defense was not a calculated trial strategy *(cf., People v Ortiz,* 120 AD2d 550, 551, *lv denied* 68 NY2d 671).

Defendant next contends that counsel's reference to the victim's lack of "earnest resistance" reveals his unfamiliarity with the Penal Law and further evidences his ineffectiveness. We disagree. A fair reading of the record indicates that counsel's references to earnest resistance was not in the context of an element of the crimes charged, but rather was employed in an attempt to persuade the jury that the encounter was indeed consensual.

Finally, we find no merit in defendant's contention that the sentence was harsh and excessive. The imposition of sentence rests within the sound discretion of the trial court and we will not reduce such a sentence unless there is a clear abuse of that discretion, which we do not find here *(see, People v Mabry,* 101 AD2d 961, 963).

Mikoll, J. P., Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.