■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
JOHN D. MURPHY, Appellant.—Harvey, J. Appeal from a
judgment of the County Court of Warren County (Moynihan,
Jr., J.), rendered February 6, 1991, upon a verdict convicting
defendant of the crimes of rape in the first degree (five
counts), sodomy in the first degree, sexual abuse in the first
degree and burglary in the third degree.

As a result of an alleged sexual assault that occurred in the
City of Glens Falls, Warren County, on January 5, 1990,
defendant was indicted for five counts of rape in the first
degree and one count each of sodomy in the first degree,
sexual abuse in the first degree, kidnapping in the second
degree and burglary in the third degree. Following a jury
trial, during which the kidnapping count was dismissed, defen-
dant was convicted of all of the remaining counts. Defendant
unsuccessfully moved to set aside the verdict and was subse-
quently sentenced as a second felony offender to an indetermi-
nate period of imprisonment of 10 to 20 years on each of the
five counts of rape in the first degree, 10 to 20 years for
sodomy in the first degree, 3 to 6 years for sexual abuse in the
first degree and 3 to 6 years for burglary in the third degree.
All the sentences run consecutively with the exception of the
burglary count, which runs concurrently. This appeal by
defendant followed.

Initially, we reject defendant's argument that the verdict
was not supported by legally sufficient evidence and was
against the weight of the evidence. At trial, the victim testi-
fied at length how she met defendant at a tavern and accepted
his offer of a ride home on a cold January morning. After
getting into a truck with the victim, however, defendant
suddenly grabbed her, pushed her into the window and
dragged her out the driver-side door, stating "your [sic] gonna
get it now, bitch". Defendant then dragged the victim behind
a garage in the parking lot and threatened her with a knife if
she did not do as he asked. Defendant then pulled off the
victim's clothes, penetrated her vagina with his penis and
then forced her to perform oral sex. Defendant then dragged
the victim through a hole in a fence and ultimately broke into
an empty house in the vicinity and forced the victim inside.
There, defendant repeatedly raped and molested the victim.
She eventually managed to escape the house after telling
defendant she would wait for him downstairs as he had asked.
The victim testified that throughout her ordeal defendant
repeatedly hit her, slapped her, threatened her and once bit
her finger. The victim's story was corroborated at trial by

witnesses who testified as to the muddied and disheveled state the victim was in after the incident, as well as to the bitten finger. The victim's sister also stated that the victim had marks on her back and had cuts on her chin and mouth.

In our view, this and other evidence was more than sufficient to convict defendant of the eight crimes of which he was convicted. In light of the victim's testimony and the corroborative circumstantial evidence concerning her physical appearance after the incident, the jury did not fail to accord the evidence its proper weight (see, People v Copp, 184 AD2d 859). Although defendant, in a written statement read to the jury, claimed that any acts of intercourse between him and the victim were consensual, this created nothing more than a credibility question that the jury was free to resolve against defendant (see, People v Cook, 186 AD2d 879). Further, the fact that a gynecological exam of the victim given after this occurrence indicated no evidence of laceration or trauma was not dispositive on the issue of consent, especially because the examining physician testified that physical trauma does not necessarily appear in rape cases.

Next, we find that County Court properly concluded that defendant's Miranda rights were not violated when Glens Falls police officers took his statement at the police station. In determining whether defendant was in custody prior to being read his Miranda rights, the test is whether a reasonable person, innocent of any crime, would have thought that he or she was in custody (see, People v Bell, 182 AD2d 858). Significantly, the fact that a defendant is questioned in a police station is not determinative, but only a factor to be considered (see, supra). Other factors to be considered are whether the defendant voluntarily goes to the police station, or is restrained and is told that he or she may not leave (supra).

Here, the testimony from law enforcement officials at the suppression hearing indicates that defendant voluntarily agreed to go to the police station after being told that his name had come up in a criminal investigation. The testimony also indicates that defendant was not arrested, touched, held or restrained. Once in the interview room defendant was asked what he had done on January 4, 1990. When defendant said he was at the tavern near where the rape occurred, he was then read his Miranda rights. Because the hearing testimony supports County Court's finding that defendant was not in custody prior to being read his rights, we find no basis for reversal on this ground.

Turning to the other arguments raised by defendant on

appeal, we note that several of them, including his objections to the People's summation, have been waived due to his failure to object at trial (see, CPL 470.05 [2]; People v Cobian, 185 AD2d 452; People v Longo, 182 AD2d 1019, lv denied 80 NY2d 906), and we find no reason to reverse in the interest of justice (see, CPL 470.15 [6] [a]). We now turn to those remaining issues preserved for appellate review. A slight delay by the People in turning over Rosario material to defendant did not prejudice defendant inasmuch as the applicable statement from the witness was supplied prior to the time the witness testified and defense counsel was given a recess to review the statement and prepare for cross-examination (see, People v Hamel, 174 AD2d 837, 838; People v Fiacco, 172 AD2d 994, 995, lv denied 78 NY2d 965). With respect to defendant's objection to the admission at trial of the victim's sexual assault evidence kit, we find the evidence at trial sufficient to identify this exhibit and its unchanged condition (see, People v Ramos, 147 AD2d 718, lv denied 74 NY2d 817). We note that defendant also claims that he was denied a fair trial because County Court denied him access to records of a psychiatric evaluation taken of the victim less than four months prior to the subject incident. However, our own in camera review of the records reveals that they are not probative of the victim's veracity or any tendency to falsely report sex crimes (see, People v Graham, 117 AD2d 832, 834, lv denied 68 NY2d 770). Defendant's request was therefore properly denied.

Finally, we modify the sentence imposed because in our view County Court abused its discretion in that regard. Accordingly, the sentence is modified to provide that the consecutive sentences of 10 to 20 years imposed by County Court in each of the five convictions of rape in the first degree run concurrently with each other and with the sentences of 3 to 6 years imposed on the convictions of sexual abuse in the first degree and burglary in the third degree; these sentences will run consecutively with the sentence of 10 to 20 years imposed on the conviction of sodomy in the first degree.

Levine, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by sentencing defendant in accordance with this Court's decision, and, as so modified, affirmed.