■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC SMITH, Appellant. [596 NYS2d 539] —Levine, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered March 30, 1992 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree and aggravated sexual abuse in the second degree.

Defendant was indicted for rape in the first degree and aggravated sexual abuse in the second degree arising out of an incident allegedly occurring on January 16, 1991 at the complainant's second floor flat in the City of Cohoes, Albany County. The complainant's testimony was that, during an afternoon social visit, defendant sexually attacked her by pushing her off a sofa on to the floor, violently inserting several fingers in her vagina and then forcibly engaging in intercourse, until he acceded to her pleas to stop because he was severely hurting her. There was also evidence that, about three hours later, she complained of being raped to the girl who shared the flat, and reported the incident to the police some six hours after that. Upon physical examination of the complainant at the emergency room of a local hospital, she was found to have bruises on her forearm and chest and severe internal abrasions, swelling and tenderness which the examining physician found to be completely consistent with her version of being sexually abused digitally and then raped, and inconsistent with consensual sexual relations. Defendant testified that, at the complainant's initiative, they began kissing and fondling each other and then engaged in consensual sexual relations until she complained that she had become dry and that intercourse had become painful. It was also developed on cross-examination of the examining physician that the complainant had been seen at the emergency room the evening preceding the incident with complaints of abdominal and low back pain which she related as possibly caused by a tubular pregnancy and/or a cabinet falling upon her. She was diagnosed at that time as having a pelvic inflammation due to infection and was put on an antibiotic. At the conclusion of the trial, the jury found defendant guilty as charged.

On appeal, defendant's principal argument for reversal is based upon the prosecutor's prejudicial remarks during summation. Defendant contends that the prosecutor improperly expressed her personal opinion that his testimony was a fabrication which, because of his opportunity to hear the People's witnesses before testifying, he attempted to tailor to fit the prosecution's proof. No objection was interposed to these comments at the trial, however. Thus, the errors, if any, are unpreserved on appeal and we decline to exercise our discretion to reverse in the interest of justice (see, CPL 470.15 [6] [a]).

Defendant cites to only four sentences in the prosecutor's summation in support of his charge of impropriety. As to these, the references by the prosecutor to whether defendant's

version of the facts was "concocted to fit the occasion", or "[s]hould * * * have begun 'Once upon a time' ", were cast as rhetorical questions "for you [the jury] to decide". Such rhetorical questions put to the jury do not constitute improper expressions of personal opinion by the prosecutor (see, People v McCray, 167 AD2d 304, 305, lv denied 77 NY2d 880).

The prosecutor, however, should not have characterized defendant's testimony as sounding like a "dime store novel" (see, People v Torriente, 131 AD2d 793, 794). Nor should it have been suggested that defendant fabricated his version of what transpired after having had the advantage of hearing the People's proof (see, People v Luzunaris, 162 AD2d 296, 296-297, lv denied 76 NY2d 941). We find that neither of these errors requires reversal in the interest of justice because they are isolated instances in the summation which in all other respects appropriately addressed the issue of defendant's credibility in the context of fair comment on the evidence, particularly the inconsistency of defendant's testimony with the nature and extent of the complainant's physical injuries (see, People v Galloway, 54 NY2d 396, 399-401; People v Fransua, 135 AD2d 909, 909-910, lv denied 71 NY2d 1026; People v Ayala, 120 AD2d 600, 601, lv denied 68 NY2d 755). Thus, neither individually nor cumulatively did these improprieties deprive defendant of a fair trial (see, People v Bobbett, 170 AD2d 237, lv denied 77 NY2d 903; People v Fransua, supra; People v Gaito, 98 AD2d 909, 910; cf., People v Tarantola, 178 AD2d 768, 770, lv denied 79 NY2d 954).

Of defendant's remaining points, only two require discussion. The first relates to Supreme Court's refusal to receive in evidence the complainant's psychiatric records which, it is claimed, should have been admitted as bearing on her credibility. Supreme Court, after reviewing the documents in question, quite properly excluded them because of their remoteness in time and the absence therein of any evidence of hallucinations, fantasies or false claims of sexual attack on the complainant's part (see, People v Graham, 117 AD2d 832, 834, lv denied 68 NY2d 770; see also, People v Murphy, 188 AD2d 742, 744). Moreover, any tenuous bearing the records might have had on the complainant's credibility would have clearly been outweighed by the prejudicial effect of disclosure of her prior sexual activity contained therein (see, CPL 60.42).

Finally, we are unpersuaded by defendant's claim on appeal that his trial attorney's ineptitude deprived him of his constitutional right to the effective assistance of counsel. Defense counsel made appropriate motions for pretrial discovery and,

through cross-examination of prosecution witnesses and arguments before the jury, sought to develop a possibly viable defense, i.e., that the complainant's physical injuries, apparently inconsistent with defendant's claim of consensual intercourse, were actually attributable to the ailments that brought her to the hospital emergency room the previous night. That this tactic proved in hindsight to be unavailing does not establish ineffective legal assistance. From our examination of the record as a whole, we conclude that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 147; People v Kieser, 172 AD2d 626, 627, affd 79 NY2d 936). We have reviewed defendant's remaining contentions and find that they are also without merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the Supreme Court, Albany County, for further proceedings not inconsistent with CPL 460.50 (5).