■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD BARNES, Appellant. [672 NYS2d 313] —Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered June 13, 1995, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

On the existing record, which defendant has not sought to amplify by way of a CPL 440.10 motion (*see, People v Love*, 57 NY2d 998; *People v Fuentes*, 246 AD2d 474), we conclude that defendant received effective assistance of counsel (*see, People v Hobot*, 84 NY2d 1021; *People v Baldi*, 54 NY2d 137). We note counsel's success in securing acquittals on several counts, including the most serious charge, attempted murder. The record does not demonstrate any prejudice to defendant resulting from his trial counsel's abandonment of the justification aspect of his defense after the court correctly advised counsel of the weakness of that defense, given defendant's testimony, and of its possible detraction from a stronger defense (*see, People v Copp*, 184 AD2d 859, *lv denied* 80 NY2d 974; *see also, People v DeGina*, 72 NY2d 768, 777). Likewise, defendant has shown no prejudice resulting from counsel's failure to make a repugnant verdicts claim prior to the discharge of the jury because a timely objection could have simply resulted in resubmission to the jury and a potentially less favorable verdict (*see, People v Salemmo*, 38 NY2d 357). We decline to review the repugnant verdicts claim in the interest of justice. Concur—Sullivan, J. P., Ellerin, Rubin, Williams and Andrias, JJ.