■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ENCARNACION, Appellant. [809 NYS2d 12]—

Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered November 7, 2003, as amended November 25, 2003, convicting defendant, after a jury trial, of rape in the first degree (seven counts), sodomy in the first degree, rape in the second degree (six counts), sodomy in the second degree, and endangering the welfare of a child (two counts), and sentencing him to an aggregate term of 40 years, unanimously modified, on the law, to the extent of vacating the sentences for the convictions of rape in the second degree and sodomy in the second degree, and remanding the matter to Supreme Court for resentencing on those convictions, and otherwise affirmed.

The court properly permitted one of the victims to testify that defendant showed her a gun and said he would kill anyone who "mess[ed] with him." The testimony was relevant to the forcible compulsion element of first-degree rape and first-degree sodomy (*see* Penal Law § 130.35 [1]; § 130.50 [1]). Although the People had other evidence of forcible compulsion, they "were not bound to stop after presenting minimum evidence but could go on and present all the admissible evidence available to them" (*People v Alvino*, 71 NY2d 233, 245 [1987]). Because the testimony about the gun had "a bearing upon a material aspect of the People's case other than the accused's general propensity toward criminality, . . . the probative value of the evidence justifie[d] its admission, notwithstanding the potential for incidental prejudice" (*People v Santarelli*, 49 NY2d 241, 247 [1980]).

There is no merit to defendant's contention that the People violated *Brady v Maryland* (373 US 83 [1963]; *see People v Arredondo*, 226 AD2d 322 [1996], *lv denied* 88 NY2d 964 [1996]; *People v Graham*, 117 AD2d 832, 833-834 [1986]).

As the People concede, when the court resentenced defendant with respect to certain convictions in order to correct an illegality, it should not have done so in defendant's absence (*see* CPL 380.40 [1], 380.50 [1]; *People v Green*, 54 NY2d 878 [1981]). However, we perceive no basis for reducing any of defendant's sentences. Concur—Saxe, J.P., Marlow, Williams, Catterson and Malone, JJ.