People v Jimenez (2016 NY Slip Op 07113)





People v Jimenez


2016 NY Slip Op 07113


Decided on November 1, 2016


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 1, 2016

Tom, J.P., Acosta, Moskowitz, Richter, JJ.


15758 525/05

[*1] The People of the State of New York, Respondent,
v
Geral Jimenez, Defendant-Appellant.


Richard M. Greenberg, Office of the Appellate Defender, New York (Alexandra Keeling of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Sheila L. Bautista of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael Obus, J.), rendered November 2, 2007, convicting defendant, upon his plea of guilty, of murder in the second degree, and sentencing him to a term of 17 years to life, unanimously affirmed.
On his initial appeal (132 AD3d 410 [1st Dept 2015]), defendant argued that because the trial court did not advise him of the deportation consequences of his guilty plea, he was entitled to a remand of the matter for a hearing on the issue of whether he would have proceeded to trial had he been aware of those consequences (see People v Peque, 22 NY3d 168 [2013], cert denied 574 US &mdash, 135 S Ct 90 [2014]). Defendant also argued that the trial court erred in failing to order a new psychiatric report before accepting his guilty plea, and that his sentence is excessive. This Court held the appeal in abeyance and remanded for further proceedings pursuant to Peque. We now affirm the conviction.
On remand, the trial court correctly determined that defendant failed to show a reasonable probability that he would not have pleaded guilty had the court advised him of the possibility of deportation. In determining whether a defendant has been prejudiced by a court's failure to warn of the deportation consequences of a guilty plea, factors to consider include "the favorability of the plea, the potential consequences the defendant might face upon a conviction after trial, the strength of the People's case against the defendant, the defendant's ties to the United States and the defendant's receipt of any advice from counsel regarding potential deportation" (Peque, 22 NY3d at 198).
Here, the People's evidence against defendant was strong, and the plea deal was favorable under all the circumstances. Defendant's claim of significant family ties to this country is undermined by his own admission that his children and their mother, from whom he had been separated since 2001, had relocated to Texas, as well as statements that he had made during his psychiatric evaluations that he lived alone and had no family in the country. While defendant claims that he remains legally married to another woman, he has admitted that the two had separated around 2003 and the they have not had contact for years. Thus, his contention that the guilty plea prevented him from obtaining legal status through his marriage is unavailing. Furthermore, a removal proceeding was commenced because of defendant's undocumented status, independent of any conviction. Moereover, evidence that he had abandoned all efforts to complete his application for legal status demonstrates a lack of interest in staying in the United States. We have considered and rejected defendant's remaining arguments on this issue.
The record does not cast doubt on defendant's mental competency, and the court was not obligated, sua sponte, to order a new psychiatric examination before accepting the guilty plea (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Gensler, 72 NY2d 239, 244-245 [1988]). Although defendant had been found incompetent earlier in the proceedings, more recent psychiatric reports found him competent, concluding that he tended to feign mental illness. In addition, the court [*2]properly relied on its own observations of defendant in determining that he was fit to proceed with the plea.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 1, 2016
CLERK