People v Washington (2019 NY Slip Op 02610)





People v Washington


2019 NY Slip Op 02610


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Sweeny, J.P., Renwick, Gische, Kahn, Kern, JJ.


8586 7117/02

[*1]The People of the State of New York, Respondent,
v Rovell Washington, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (Stephen R. Strother of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Nicole Coviello of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered June 25, 2008, as amended July 31, 2008, convicting defendant, after a jury trial, of rape in the first degree (three counts) and criminal possession of a weapon in the third degree (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 25 years, unanimously affirmed.
The court properly found defendant fit to proceed to trial following CPL article 730 examinations. Defendant's answers to questions about the legal process showed that he "evinced an understanding of the purpose of a trial, the actors in a trial, their roles, the nature of the charges against him, and the severity of a potential conviction and sentence" (People v Phillips, 16 NY3d 510, 518 [2011]). Defendant had a psychiatric history and reports from psychiatrists over a period of years that alternated between finding him competent to stand trial at times and incompetent at other times. There is no basis for disturbing the court's finding, based on the most recent psychiatric report and the court's own observations, that defendant was exaggerating psychiatric symptoms to avoid trial (see id. at 517-518), and that he could presently understand the proceedings and assist in his defense (People v Jimenez, 144 AD3d 402 [1st Dept 2016], lv denied 29 NY3d 1128 [2017]). Defendant's frequently obstreperous and violent behavior in court did not necessarily render him unfit (see People v Findley, 160 AD3d 492, 493 [1st Dept 2018], lv denied 31 NY3d 1116 [2018]).
In the circumstances presented, the court did not err when it determined that defendant's trial would commence notwithstanding that a different judge had ordered a sixth CPL article 730 examination, which had not yet been conducted because the defendant refused to be examined (see e.g. People v Torres, 194 AD2d 488 [1st Dept 1993], lv denied 82 NY2d 727 [1993]). The court acted within its discretion to decline to repeatedly issue force orders to compel defendant's submission to the extant competency examination order. Furthermore, the court considered the long history of examinations in this case and its own observations of defendant over its prolonged history. We find nothing in People v Armlin (37 NY2d 167 [1975]) that prohibits a court from considering changed or extraordinary circumstances in denying a previously granted examination, particularly given defendant's profound lack of cooperation and a recent examination finding him competent.
We find that the trial court should have suppressed the 12 inch knife recovered by the police during a warrantless search of defendant's bag. Although at the time of the search the bag was on the floor within the "grabbable area" next to defendant, he was standing with his arms handcuffed behind his back (People v Gokey, 60 NY2d 309, 312 [1983]). These circumstances do not support a reasonable belief that the defendant could have either gained possession of a weapon or destroyed evidence located in the bag. Police did not show any exigency to justify the warrantless search of the bag (People v Gokey supra at 312).
Nonetheless any error in admitting the actual knife into evidence was harmless (see [*2]People v Crimmins, 36 NY2d 230, 237, [1975]). One rape charge did not involve the use of a knife and it is unaffected by the suppression ruling. There was overwhelming evidence to sustain the other convictions for rape by forcible compulsion and for criminal possession of a weapon, i.e. the knife, used in the commission of the rapes.
Each victim testified in great detail, identifying defendant and his use of a knife during the rapes. There was also DNA evidence before the jury. One victim testified that defendant pulled a "very big knife," approximately 9 to 12 inches long, from a sheath at his waist. He held it to her neck as they rode the elevator and continue to hold it throughout the attack. The second victim also testified that she was raped at knife point. She described how defendant pulled the knife out from a leather case by his side and stuck it to her back. He raped her while holding the knife and then placed it on a windowsill where she could see it (see People v Encarnation, 25 AD3d 491 [1st Dept 2006], lv denied 6 NY3d 833 [2006]; People v Shelton, 175 AD2d 887, 888 [2d Dept 1991]).
The court providently exercised its discretion in precluding defendant from raising a psychiatric defense relating to the element of intent, in the absence of any showing that defendant's proffered expert testimony would be relevant to his intent to commit the crimes with which he was charged (see People v Silburn, 31 NY3d 144, 161 [2018]; People v Almonor, 93 NY2d 571, 582 [1999]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK