OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The uncontroverted evidence at trial established that in *854 September 1982, defendant’s 84-year-old widowed great-aunt (now deceased) asked him to manage some of her financial affairs and that he agreed to do so. In October, she executed a will leaving him only one third of her estate. Approximately two months later, $180,000 was withdrawn from her passbook savings account and deposited into a newly created money market account which listed defendant and her as joint owners. At the time, the great-aunt’s minimal expenses were adequately met by her Social Security benefits. When the joint account was established, only the defendant’s address was placed on the account; thus, he alone received monthly statements of account. Over the next 14 months, defendant withdrew the bulk of the money from the joint account and deposited the sums into a high risk brokerage account which he maintained in his name alone. He moved out of the State six months after the joint account was opened, leaving his great-aunt’s financial affairs, but not the money market assets, in the hands of another relative. Most of the money was lost and the estate of defendant’s great-aunt has been only partially reimbursed. After defendant’s scheme was discovered, he was indicted for first degree criminal possession of stolen property and second degree larceny, and was convicted after a jury trial of the latter.
Defendant argues that the People failed to meet their burden of proving that he induced his great-aunt to establish the joint account by virtue of a false promise. In a prosecution for larceny based upon false promise, a finding of the defendant’s intention or belief that a promise would not be performed must be based upon evidence establishing that the facts and circumstances of the case are wholly consistent with guilt and wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except the guilty one (Penal Law § 155.05 [2] [d]). As this Court has recognized, "a finding of larcenous intent may be made only where that determination flows naturally and reasonably from the facts in evidence and must exclude to a moral certainty any implication that the defendant has committed a mere civil wrong” (People v Luongo, 47 NY2d 418, 428).
The People adduced sufficient evidence in this case to support the inference that defendant induced his great-aunt to acquiesce in the opening of the joint account by virtue of defendant’s false promise. The jury’s finding of larcenous intent flowed "naturally and reasonably” from the entire *855 array of facts and circumstances and "exclude[d] to a moral certainty” every hypothesis except defendant’s guilt.
Defendant also argues that as a joint owner in the money market account he could not be convicted of misappropriating money by unauthorized withdrawals from that account. This argument misses the point that the larcenous creation of the joint account, not defendant’s withdrawals from it, provided the basis for his conviction in this case (cf., People v Zinke, 76 NY2d 8 [general partner in limited partnership cannot be found guilty of larceny for misappropriating partnership funds]).
No other meritorious argument is presented affecting the validity of the verdict of guilt and judgment of conviction.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.