■ STATE OF NEW YORK, Respondent, v MANHATTAN VIEW DEVELOPMENT, LTD., et al., Defendants, and JOHN BRADLEY et al., Individually and as Officers of Manhattan View Development, Ltd., Appellants. [595 NYS2d 13] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered December 24, 1991, which, *inter alia,* granted plaintiff's motion for summary judgment to the extent of awarding judgment on the issue of liability on the first, second, ninth, and sixteenth causes of action, unanimously affirmed, without costs.

Contrary to defendants' arguments, they were actively involved in the planning and consummation of the condominium offering, as a matter of law, within the meaning of 13 NYCRR 20.1 (c) (2). Defendant Bradley was an officer of Delgado Management Corp., the managing agent for the condominium, and had authority to write corporate checks. Defendants signed the certification admitting that they were principals of the condominium corporation, and that they were responsible for compliance with applicable law; they oversaw construction of the project; they invested $1.4 million; they personally guaranteed the construction loan; and their employee acted as an "on-site" sales representative, distributing offering plans and accepting purchase deposits.

The failure to disclose the sponsor's inability to meet mortgage payments, the commencement of an action by various unit owners, and the failure of certain unit owners to pay the common charges, were unquestionably "material" non-disclosures, i.e., giving rise to a substantial likelihood that a reasonable shareholder would consider it important *(State of New York v Rachmani Corp.,* 71 NY2d 718). This is so even if the defendants believed in good faith that the mortgage would be extended, or the action settled.

We have considered the remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Kupferman and Ross, JJ.