■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN RUSCITO, Appellant. [615 NYS2d 201] —Judgment unanimously affirmed. Memorandum: We reject the contention that there is insufficient evidence to support defendant's conviction of grand larceny in the third degree by false promise (Penal Law § 155.35). In addition to evidence of nonperformance, there was "evidence establishing that the facts and circumstances of the case are * * * wholly inconsistent with innocent intent or belief, and excluding to a moral certainty every hypothesis except that of the defendant's intention or belief that the promise would not be performed" (Penal Law § 155.05 [2] [d]; *see, People v Churchill,* 47 NY2d 151). Proof of intent in false promise cases is rarely direct and, therefore, must be

inferred from all of the facts and circumstances *(People v Luongo,* 47 NY2d 418, 428; *People v Carey,* 103 AD2d 934). The proof that defendant intended to obtain the property of the victim by false promise flowed naturally and reasonably from the facts and circumstances, and excluded to a moral certainty "any implication of mere civil wrong" *(People v Ryan,* 41 NY2d 634, 640).

We also reject the contention that County Court erred in sentencing defendant as a predicate felon. Defendant was provided with transcripts of the proceedings resulting in his prior convictions, and was afforded a predicate felony hearing pursuant to CPL 400.20. Although given the opportunity to do so, defendant failed to controvert his prior convictions, except in the most conclusory terms *(see, People v Sasso,* 99 AD2d 558, 559). There is no merit to the further contention, raised for the first time on appeal, that defendant was erroneously sentenced as a predicate felon because the court that accepted a prior plea failed to inform him that that conviction made him subject to sentencing as a persistent felon *(see, People v Harris,* 61 NY2d 9, 16).

Defendant sought an adjournment of the predicate felony hearing in order to defend cases pending against him in other counties. He now contends that the adjournment should have been granted to enable him to present further evidence regarding his prior convictions. Defendant also contends that the prosecutor's summation deprived him of a fair trial. Neither contention has been preserved for review *(see,* CPL 470.05 [2]), and we decline to review either contention as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]).

We reject the contention that the failure of defendant's counsel to file pretrial motions deprived defendant of effective assistance of counsel. Defendant has not shown "the absence of strategic or other legitimate explanations" for counsel's failure to make pretrial motions *(People v Rivera,* 71 NY2d 705, 709; *see, People v Houston,* 158 AD2d 971, *lv denied* 75 NY2d 967). Defendant's further contention that the court erred in admitting testimony of uncharged crimes is also without merit. That testimony was properly admitted under the *Molineux* rule *(see, People v Molineux,* 168 NY 264, 293; *see also, Matter of Brandon,* 55 NY2d 206, 211; *People v Schwartzman,* 24 NY2d 241, 248, *cert denied* 396 US 846).

We find defendant's sentence neither harsh nor excessive.

Finally, we have examined defendant's remaining conten-

tions and find them to be without merit. (Appeal from Judgment of Onondaga County Court, Auser, J.—Grand Larceny, 3rd Degree.) Present—Pine, J. P., Lawton, Wesley, Doerr and Boehm, JJ.