■ STATE OF NEW YORK, Respondent, v SONIFER REALTY CORP. et al., Defendants, and KENNETH K. W. MA, Individually and as President of Sonifer Realty Corp., Appellant. [622 NYS2d 516] —Orders, Supreme Court, New York County (Karla Moskowitz, J.), entered April 25, 1994, which denied defendant-appellant's motion for summary judgment dismissing the complaint for failure to join indispensable parties, and which,

upon granting plaintiff's motion for reargument, denied appellant's motion for summary judgment dismissing the claim for fraudulent misrepresentation, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in declining to dismiss the action against defendant-appellant, the president of the corporate sponsor of a condominium conversion plan, based upon a consideration of the relevant factors (CPLR 1001 [b]), despite its earlier finding that plaintiff had inexcusably neglected to join the sponsor. Appellant's argument that he would be prejudiced if the action were allowed to continue without the sponsor is meritless in view of his ostensible access to the documents relevant to his defense. Nor does it avail appellant to claim that he was merely the agent for a disclosed principal, the sponsor, since he participated in the alleged fraudulent practice by signing the certification to the offering plan *(State of New York v Manhattan View Dev.,* 191 AD2d 259), and is therefore subject to liability as a principal.

Even if the disclaimers in the offering plan were sufficiently specific *(see, Danann Realty Corp. v Harris,* 5 NY2d 317), they cannot bar claims brought under the Martin Act (General Business Law § 352-c; *see also,* Executive Law § 63 [12]), since the fraudulent practices targeted by the statute need not constitute fraud in the classic common law sense, and reliance need not be shown in order for the Attorney-General to obtain relief *(see, People v Royal Sec. Corp.,* 5 Misc 2d 907, 909; *People v Essner,* 124 Misc 2d 830, 834). A false representation may be illegal "regardless of whether issuance, distribution, exchange, sale, negotiation or purchase resulted" (General Business Law § 352-c [1] [c]).

We have considered appellant's other contentions and find them to be without merit. Concur—Wallach, J. P., Rubin, Kupferman and Tom, JJ.