THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN BURKS, Respondent. [680 NYS2d 767] —Order insofar as appealed from unanimously reversed on the law, counts two and five of the indictment reinstated and matter remitted to Oneida County Court for further proceedings on the indictment. Memorandum: The People appeal from an order of County Court insofar as it dismissed two counts of an 18-count indictment. All counts of the indictment are related to an alleged scheme to defraud wherein defendant created a paralegal organization known as The National Legal Research and Documents Center (NLRDC). As part of the alleged scheme, defendant placed ads in various newspapers and made contacts through personal friends to solicit clients to join the NLRDC for a fee. After paying the fee, the clients were to be trained as paralegals and given work to do, for which they would be compensated in varying amounts. Additionally, defendant allegedly agreed to perform paralegal work for several clients and, despite accepting a fee, failed to perform any work.

The two counts at issue on this appeal charge defendant with petit larceny (Penal Law § 155.25) and scheme to defraud in the first degree (Penal Law § 190.65 [1] [a]). The petit larceny count charges defendant with stealing property from a client in Oneida County. In support of that count, the client testified before the Grand Jury that he met with defendant in Cortland, New York, on two occasions and paid defendant $750 to assist him in collecting outstanding money judgments. The client sent documents to defendant in Oneida County, received documents from defendant from Oneida County, and sent $500 to defendant at his business address in Oneida County. We conclude that the evidence, viewed in the light most favorable to the People, is legally sufficient (see, People v Jennings, 69 NY2d 103, 114-115). The evidence established that sufficient conduct occurred within Oneida County to establish an element of the offense charged (see, CPL 20.40 [1] [a]; People v Seifert, 113 AD2d 80, 83, lv denied 67 NY2d 889).

The scheme to defraud count charges defendant with engaging "in a scheme constituting a systematic ongoing course of conduct with intent to defraud ten or more persons or to obtain property from ten or more persons by false or fraudulent pretenses, representations of promises, and to obtain property from one or more such persons". In dismissing that count, the court stated that the People failed "to present evidence to the

Grand Jury of a scheme to obtain property from ten or more persons by fraud in Oneida County". It is not necessary, however, for the People to prove the identity of 10 persons; "in the face of proof of a systematic ongoing scheme to defraud where the existence of multiple victims is self-evident but their identities are unknown * * * the testimony of only one person from whom the property was taken need be offered" (Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 190.60, at 213). A systematic ongoing scheme to defraud is established by the planned pattern of conduct of the defendant rather than the existence of identifiable multiple victims (see, People v Kaminsky, 127 Misc 2d 497, 501-502). Here, the People established that defendant advertised in the newspaper, printed and sent out business cards and promotional literature from Oneida County, maintained an office in Oneida County, and promised to provide legal and investigative work for clients in that county. Thus, the People established the scheme, and it is not disputed that there is sufficient evidence before the Grand Jury to prove the identity of several persons from whom defendant obtained property by means of the scheme. (Appeal from Order of Oneida County Court, Donalty, J.—Dismiss Indictment.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.