THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENEE T. COLLINS, Appellant. [710 NYS2d 216] —Judgment

unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her of grand larceny in the second degree (Penal Law § 155.40 [1]) and sentencing her to an indeterminate term of incarceration of 5 to 15 years. The conviction arises out of a scheme in which defendant repeatedly falsely promised the victim, a quadriplegic, that she would marry and "take care of" him, inducing the victim to give defendant large sums of money and control over accounts from which defendant removed additional sums. On appeal, defendant contends that the evidence is legally insufficient, that the verdict is against the weight of the evidence and that the sentence is unduly harsh or severe.

The evidence is not legally insufficient. The evidence establishes that defendant wrongfully obtained the property "by means of" a false promise, that defendant made the promise for the purpose of inducing the victim to transfer the property, and that the victim was thereby induced to transfer the property (Penal Law § 155.05 [2] [d]; *see, People v Ponnapula*, 229 AD2d 257, 267-268; *People v Coloney*, 98 AD2d 969; *see also, People v Antilla*, 77 NY2d 853, 854). We reject defendant's contention that, because of the contingent nature of the promise, the victim could not reasonably have relied on it. The concept of reasonable reliance is not found in the larceny statute. Moreover, because the gravamen of the crime is a false promise to perform an act in the future (*see,* Penal Law § 155.05 [2] [d]), it is immaterial that the promised marriage could not have occurred immediately. There likewise is no merit to defendant's contention that, because a promise to marry is unenforceable as a matter of contract law, it cannot serve as the predicate for a prosecution for larceny by false promise. The contention that defendant would have performed her promise had she not been arrested is belied by her admission that she intended to deceive the victim. We reject the contention that there is insufficient corroboration of defendant's confession. The victim's testimony provides ample corroboration, as do the financial documents showing the transfers to defendant (*see,* CPL 60.50; *People v Mikuszewski*, 73 NY2d 407, 415; *People v Booden,* 69 NY2d 185, 187). Additionally, we reject the contention that defendant's withdrawals from the joint account could not constitute a larcenous taking (*see, People v Antilla, supra,* at 855). The verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495), nor is the sentence unduly harsh or severe.

We have reviewed the contentions raised in defendant's *pro se* supplemental brief and conclude that they are without merit.

(Appeal from Judgment of Livingston County Court, Alonzo, J.—Grand Larceny, 2nd Degree.) Present—Green, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.