THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS BROWN, Appellant. [730 NYS2d 921] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of two counts each of grand larceny in

the third degree (Penal Law § 155.35) and grand larceny in the fourth degree (Penal Law § 155.30 [1]), four counts of petit larceny (Penal Law § 155.25), and one count of scheme to defraud in the first degree (Penal Law § 190.65 [1] [b]). He contends that his oral statements should be suppressed as obtained in violation of his State constitutional right to counsel; that the verdict finding him guilty under counts three, five, six, and nine is against the weight of the evidence; that the corresponding orders of restitution must be vacated on that basis; that all of the restitution orders must be vacated as unconstitutional; and that the sentence is unduly harsh or severe.

Although defendant generally may raise a State constitutional right to counsel claim for the first time on appeal, "[t]his does not * * * dispense with the need for a factual record sufficient to permit appellate review" (*People v Kinchen,* 60 NY2d 772, 773-774; *see, People v Ermo,* 47 NY2d 863, 865). Here, the record is insufficient to enable us to review defendant's claim (*see, People v Kinchen, supra,* at 773-774; *People v Charleston,* 54 NY2d 622, 623; *People v Berezansky,* 229 AD2d 768, 772, *lv denied* 89 NY2d 919). In particular, we are unable to determine whether defendant waived his right to counsel, which he would be permitted to do under the circumstances of this case (*see, People v Davis,* 75 NY2d 517, 520-524).

We reject defendant's contention that the verdict is against the weight of the evidence. This is not a case in which a different verdict might "not have been unreasonable" (*People v Bleakley,* 69 NY2d 490, 495). Construing defendant's claim as a challenge to the legal sufficiency of the evidence, we conclude that the evidence is legally sufficient to establish defendant's guilt of larceny and scheme to defraud (*see, People v Norman,* 85 NY2d 609, 622-623; *People v Collins,* 273 AD2d 802, 803, *lv denied* 95 NY2d 933; *People v Ruscito,* 206 AD2d 841, 841-842, *lv denied* 84 NY2d 872; *cf., People v Burks,* 254 AD2d 738, 738-739).

Defendant's challenges to the restitution orders are lacking in merit (*see, People v Horne,* 284 AD2d 986; *see generally, Apprendi v New Jersey,* 530 US 466). The sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Grand Larceny, 3rd Degree.) Present—Green, J. P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.