(April 22, 2003)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE TAYLOR, Appellant. [758 NYS2d 634] —Judgment, Supreme Court, New York County (Laura Drager, J.), rendered February 13, 2001, convicting defendant, after a jury trial, of scheme to defraud in the first degree and violation of General Business Law § 352-c (6), and sentencing him to an aggregate term of six months and 4½ years probation, unanimously affirmed. The matter is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

Defendant's claim that the evidence was insufficient to establish guilt because the People failed to prove that an undercover investigator relied upon defendant's fraudulent statements in making a stock purchase is unpreserved (*People v Gray*, 86 NY2d 10 [1995]; *see also People v Padro*, 75 NY2d 820 [1990]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was legally sufficient evidence "based on *the court's charge as given without exception*" (*People v Sala*, 95 NY2d 254, 260 [2000] [emphasis in original]; *People v Dekle*, 56 NY2d 835 [1982]). The evidence at trial established that defendant engaged in an ongoing course of conduct during which he made materially false statements regarding the stock at issue, that

he was aware of the falsity of his statements and that he obtained over $1,000 as a result of his conduct.

The scheme to defraud statute (Penal Law §§ 190.60, 190.65) was derived from and patterned after the federal mail fraud statute (*see People v First Meridian Planning Corp.*, 86 NY2d 608, 616 [1995]), of which neither reliance nor damage is an element (*see Neder v United States*, 527 US 1, 24-25 [1999]). "The significant fact is the [schemer's] intent and purpose" (*Durland v United States*, 161 US 306, 313 [1896]). Although the scheme to defraud statute imposes an element of damage, the significant fact remains the schemer's "intent and purpose." A person is guilty of scheme to defraud in the first degree when he "engages in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises, and so obtains property with a value in excess of one thousand dollars from one or more such persons" (§ 190.65 [1] [b]). By its terms, the statute contemplates a schemer's obtaining property from at least one person by engaging in conduct intended to defraud that person and at least one other or to obtain property from them by false or fraudulent pretenses, representations or promises. Therefore, it must be established that the schemer engaged in a systematic ongoing course of conduct (*see e.g. People v Burks*, 254 AD2d 738, 739 [1998]), that his intent was either to defraud more than one person or to obtain property from more than one person by false or fraudulent pretenses, representations or promises (*see e.g. People v Wolf*, 284 AD2d 102, 103 [2001], *mod on other grounds* 98 NY2d 105 [2002]), and that he obtained property valued in excess of $1,000 from one or more such persons as a result of engaging in the scheme (*see e.g. People v Napolitano*, 282 AD2d 49, 53 [2001], *lv denied* 96 NY2d 866 [2001]). Contrary to defendant's contention, there is no requirement to establish the victim's motive for transferring property to the schemer. It is enough that the victim is one of the persons whom the schemer sought to defraud. The statute's manifest focus on the schemer's conduct renders the victim's own state of mind irrelevant. Similarly, the fraudulent practices targeted by General Business Law § 352-c (6) need not constitute fraud in the classic common-law sense and reliance by the victim on the truth of fraudulent statements need not be shown in order to establish a violation of that statute (*see State of New York v Sonifer Realty Corp.*, 212 AD2d 366, 367 [1995]).

Both the territorial jurisdiction of the state and venue in

New York County were properly established (CPL 20.20 [1] [a]; 20.40 [1] [a]; *People v Giordano*, 87 NY2d 441 [1995]). The evidence established that defendant made numerous fraudulent statements in telephone conversations with an undercover investigator, establishing the elements of intent to defraud and engaging in fraud (Penal Law § 190.65; General Business Law § 352-c [6]). Although defendant was in Florida, his statements made over the telephone to an investigator in New York County are deemed to have been made in each jurisdiction (CPL 20.60 [1]; *People v Giordano, supra*, 87 NY2d at 449). Further, since defendant caused funds to be mailed to him from New York County, he is deemed to have personally transported them in New York (CPL 20.60 [2]). Defendant therefore obtained money in New York County, satisfying another element of each crime and providing an additional basis for jurisdiction and venue (*see People v Kastel*, 221 App Div 315 [1927], *affd* 250 NY 518 [1928]).

Defendant's suppression motion was properly denied. Defendant's telephone conversations with an undercover investigator, recorded with the consent of one party to the conversations, were clearly admissible (*People v Lasher*, 58 NY2d 962 [1983]), and the conflict of laws issue raised by defendant is without merit (*see People v Benson*, 88 AD2d 229 [1982]). Concur—Nardelli, J.P., Saxe, Ellerin, Wallach and Lerner, JJ.