■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAYSON TORRES, Appellant. [779 NYS2d 34]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered February 13, 2001, convicting defendant, after a jury trial, of robbery in the first and second degrees (two counts each) and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second felony offender, to an aggregate term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning identification. Each of the two robbery victims, one of whom had seen defendant on various occasions before and after the crime, had an ample opportunity to observe the robber and each made a reliable identification.

When defendant requested an identification charge, the court responded that its general charge would cover that subject, and it invited defendant to submit a more specific request and to inspect the court's proposed charge prior to summations. However, defendant did not make a further request to charge, and, after the court charged the jury, he did not make any of the arguments he raises on appeal. Accordingly, his present claims are unpreserved (*People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review them in the interest of justice. Were we to review these claims, we would find that the court's

charge, which not only instructed the jury that the People were required to prove identity beyond a reasonable doubt, but which, in discussing the evaluation of testimony, included much of the same information that would be contained in a typical expanded identification charge, was sufficient (*see People v Knight*, 87 NY2d 873 [1995]; *People v Whalen*, 59 NY2d at 279).

The court responded meaningfully to a jury note by reinstructing the jury on the general subject of reasonable doubt (*see People v Malloy*, 55 NY2d 296, 301-303 [1982], *cert denied* 459 US 847 [1982]). The oversimplified response proposed by defendant would have been misleading under the circumstances. Furthermore, the court directed the jury to send another note if it needed additional clarification, but the jury reached a verdict without requesting further instruction. Concur—Buckley, P.J., Nardelli, Andrias, Williams and Gonzalez, JJ.