THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LILOUTIE RAMPERSAUD, Appellant. [861 NYS2d 284]—

Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered October 25, 2006, convicting defendant, after a jury trial, of grand larceny in the first degree and criminal possession of stolen property in the first degree, and sentencing her to concurrent terms of 4 to 12 years, unanimously affirmed.

Defendant's challenge to the sufficiency of the evidence, and her related claims concerning the contents of the indictment, are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The verdict was based on legally sufficient evidence, and we further find that it was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence overwhelmingly established that the aged victim lacked mental capacity to engage in any financial transactions and that defendant, the victim's home health care aide, knew that fact. The evidence was likewise overwhelming that, in any event, the victim neither participated in nor authorized any of the transactions whereby defendant appropriated over $1.5 million of the victim's funds. The evidence of defendant's larcenous intent was also overwhelming.

Although defendant's scheme employed the device of creating a purported joint account with the victim, defendant never became a lawful joint owner of the funds in that account within the meaning of Penal Law § 155.00 (5), and thus she was properly convicted of appropriating those funds (*see People v Antilla*, 77 NY2d 853, 855 [1991]). To the extent defendant is arguing that she could not have made the transactions at issue except through the misconduct or carelessness of bank employees, that, unfortunately, appears to be the case, but it is no defense to the charges. Contrary to defendant's unpreserved argument, there was no requirement that her conduct in creating a joint account without the victim's consent be set forth in the indictment (which charged defendant with larceny and possession of stolen property as of the date she withdrew the funds), and there was no variation between the indictment and the proof. Under the circumstances of the case, the creation of the joint account was simply part of the evidence of guilt, and "allegations of an evidentiary nature" need not be contained in an indictment (CPL 200.50 [7]).

Defendant failed to preserve her claim that the court was required to charge the jury that if it found that the joint account was lawful, it could not find that she committed larceny

when she withdrew funds from that account. The court never declined to provide such a charge. Defendant did not sufficiently articulate her request, did not submit a proposed charge to the court despite being repeatedly invited to do so, and did not object to the court's instructions as given. Under these circumstances, the issue is unpreserved or abandoned (*see People v Walls*, 91 NY2d 987 [1998]; *People v Martinez*, 18 AD3d 343 [2005], *lv denied* 5 NY3d 808 [2005]; *People v Torres*, 8 AD3d 123 [2004], *lv denied* 3 NY3d 712 [2004]), and we decline to review it in the interest of justice. As an alternative holding, we find any error in this regard to be harmless in light of the overwhelming evidence of guilt.

The court properly exercised its discretion in receiving limited background evidence about police efforts to apprehend defendant, as well as an incriminating document for which there was adequate proof of defendant's authorship.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). While defendant faults her trial counsel for failing to make certain arguments, applications and objections, she has not shown that any of these devices would have succeeded (*see People v Stultz*, 2 NY3d 277, 287 [2004]), or that the absence of those actions had any adverse impact on her defense (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]; *compare People v Turner*, 5 NY3d 476 [2005]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Mazzarelli, J.P., Catterson, Moskowitz and Acosta, JJ.