*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    104407
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                              MEMORANDUM AND ORDER

ROSE REEVES,
                        Appellant.
_____

Calendar Date:  November 18, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Egan Jr. and Clark, JJ.

_____

        Michael P. Graven, Owego, for appellant, and appellant
pro se.

        Weeden A. Wetmore, District Attorney, Elmira, for
respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Schuyler
County (Argetsinger, J.), rendered January 13, 2011, upon a
verdict convicting defendant of the crimes of grand larceny in
the second degree and forgery in the second degree (three
counts).

        After defendant stole hundreds of thousands of dollars from
the victim, her elderly sister-in-law, she was charged with grand
larceny in the second degree.  Defendant was also charged with
three counts of forgery in the second degree as the result of
endorsing a check payable to the victim, as well as two documents
purportedly signed by the victim that enabled defendant to access
and transfer funds held in a certificate of deposit.  Following a

jury trial, defendant was convicted as charged. County Court sentenced her to, among other things, five years of probation that included six months of electronic home monitoring. County Court further directed her to pay restitution in the amount of $361,169. Defendant appeals, and we now affirm.

Initially, defendant failed to renew her motion to dismiss the charges at the close of her proof and, as such, her contention that the verdict is not supported by legally sufficient evidence is unpreserved for our review (see People v Kolupa, 13 NY3d 786, 787 [2009]; People v Valverde, 122 AD3d 1074, 1075 [2014]). We will nevertheless determine whether all the elements of the charged crimes were proven beyond a reasonable doubt in weighing the probative force of conflicting testimony and the strength of conflicting inferences to assess whether the verdict is against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Valverde, 122 AD3d at 1075).

In that regard, defendant assisted the victim as she declined physically in the several years prior to her death and, as such, was named as a joint owner of the victim's checking account and was granted a limited power of attorney that did not include any authority over banking transactions. Joseph Fazzary is an attorney and was very familiar with both defendant and the victim, not only because he was their nephew, but also because he had employed defendant for several years and had assisted the victim with her financial affairs.[1] Fazzary was named as executor of the victim's estate and, upon her death in 2008, began collecting information about her assets. In so doing, he uncovered documentary evidence that defendant had siphoned off hundreds of thousands of dollars from the victim by various means, including misrepresenting the scope of her power of attorney to access certain funds and forging the victim's signature on documents designed to make her a joint owner of others (cf. People v Vandermuelen, 42 AD3d 667, 668-669 [2007],

_____

[1] Fazzary is also the Schuyler County District Attorney and, accordingly, a special prosecutor was appointed to handle the present case (see County Law § 701).

lv denied 9 NY3d 965 [2007]).  Fazzary and others testified that this activity was totally inconsistent with the prior behavior of the victim, who was known to be extremely frugal.  Defendant further spent substantial sums of money, with no obvious source, at a casino during the period in question.  Witnesses testified that the victim did not approve of gambling, and that she would not have given defendant any funds for that purpose.

With regard to the forgery charges, Fazzary was familiar with the handwriting of both defendant and the victim, and he testified that defendant had forged the victim's signature upon two documents used to make defendant a joint owner of a certificate of deposit owned by the victim (see People v Clark, 122 AD2d 389, 390 [1986], lv denied 68 NY2d 913 [1986]).  Fazzary also testified that defendant had forged the victim's endorsement on a check from the proceeds of another certificate of deposit that had been closed out.  Defendant testified that the victim gifted her large sums of money and that her casino winnings had bankrolled her gambling, and otherwise denied having acted improperly, but the jury plainly chose to credit the extensive evidence of defendant's financial wrongdoing over her conflicting testimony.  Thus, deferring to the credibility determination of the jury, we cannot say that the verdict was against the weight of the evidence (see People v Antilla, 77 NY2d 853, 854-855 [1991]; People v Rampersaud, 52 AD3d 336, 337 [2008], lv denied 11 NY3d 740 [2008]).

Defendant's remaining arguments are similarly unavailing and require only a brief mention.  County Court properly admitted bank records regarding various accounts held by the victim because the testimony of bank employees "was sufficient to qualify such documents as business records within the meaning of CPLR 4518, and [the witnesses'] lack of personal knowledge went to the weight, not the admissibility of the" records (William Conover, Inc. v Waldorf, 251 AD2d 727, 728 [1998] [internal citations omitted]; see CPLR 4518 [a]; People v Kennedy, 68 NY2d 569, 579-580 [1986]).  County Court further acted appropriately in allowing the jury to consider evidence of uncharged forged checks that was "offered to prove defendant's intent to commit the specific crimes charged" (People v Bayne, 82 NY2d 673, 676 [1993]; see People v Scotti, 232 AD2d 775, 776 [1996], lv

denied 89 NY2d 946 [1997]).  Defendant's remaining contentions have been considered and found to lack merit.

Lahtinen, J.P., McCarthy, Rose and Egan Jr., JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court