People v Soto (2024 NY Slip Op 00981)

People v Soto

2024 NY Slip Op 00981

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Ind. No. 862/20 Appeal No. 1749 Case No. 2022-02676 

[*1]The People of the State of New York, Respondent,
v
David Soto, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Malancha Chanda of counsel), for respondent.

Judgment, Supreme Court, New York County (Felicia A. Mennin, J.), rendered June 15, 2022, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
Defendant failed to preserve, and ultimately waived, his claim that the court erred in declining to permit him to exercise a belated peremptory challenge (see People v Cotugno, 190 AD3d 428, 429 [1st Dept 2021], lv denied 36 NY3d 1096 [2021]), and we decline to review it in the interest of justice. Defense counsel did not ask the court to exercise its discretion to grant the request, and thereafter confirmed that the jurors selected were satisfactory to the defense, thus waiving the current claim. As an alternative holding, we find that the court providently exercised its discretion in denying a belated peremptory challenge where counsel, at that time, provided no explanation for his failure to lodge a timely challenge (see id.).
Defendant has not preserved his challenges to what he characterizes as improper testimony identifying him as the person depicted in the surveillance footage and a still photo culled from that footage, and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits. None of the officers testified that defendant was the person depicted in the video or photo, and there was no testimony that the victim had identified defendant in the photo. The officers referred to the suspect depicted in the video and photo solely as "the person of interest," without identifying any known individual, at a time when "there was no issue or inquiry as to defendant's identity — or even his existence" (People v Gee, 99 NY2d 158, 162 [2002]).
Defendant also has not preserved his claim that the court erred in failing to give an expanded identification charge, as counsel had no objection to the charge "as given" and made no requests for supplemental charges (see People v Whalen, 59 NY2d 273, 280 [1983]; People v Torres, 8 AD3d 123, 123 [1st Dept 2004], lv denied 3 NY3d 712 [2004]). We decline to review the claim in the interest of justice. As an alternative holding, we reject it on the merits. There was no basis for an expanded identification charge, where neither the victim nor any police witness identified defendant as the assailant at trial. In any event, the court's instructions on evaluating the credibility of the witnesses, and that identification must be proven beyond a reasonable doubt, provided a "correct statement of the law" (People v Knight, 87 NY2d 873, 874 [1995]), and "included much of the same information that would be contained in a typical expanded identification charge" (Torres, 8 AD3d at 123).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT[*2].
ENTERED: February 27, 2024