OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed.
Having pleaded that defendant entered or remained with intent to commit the crime of sexual abuse, the People were obligated to prove just that (People r Barnes, 50 NY2d 375, 379, n 3). There was here, however, sufficient evidence for the trier of fact to conclude that such was the defendant’s intent: in the fact that defendant’s body was atop that of the victim for several minutes, that his forearm was across her breast, that he pulled the bedclothes off her nude body, that he gagged her with one item of clothing and then removed that gag and sought to substitute another. Some of those factors do not necessarily bespeak such an intent and could be attributable to an effort to silence the victim after she awoke and discovered his presence. But clearly not all can be so regarded (silencing neither necessitated removal *935 of the bedclothing nor substitution of the gag) and they lend sufficient color to the others that it cannot be said that a prima facie case of intent to commit sexual abuse was not made out.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed in a memorandum and the case remitted to the Appellate Division, Second Department, for consideration of the facts (CPL 470.25, subd 2, par [d] ; 470.40, subd 2, par [b]).