■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUBRA DAVIS, Also Known as AUDRA DAVIS, Appellant.—Appeal by the defendant, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Eiber, J.), rendered December 18, 1980, as convicted him of burglary in the second degree, after a nonjury trial, and imposed sentence thereon.

Judgment modified, on the law, by reducing the conviction of burglary in the second degree to criminal trespass in the second degree. As so modified, judgment affirmed, insofar as appealed from.

The defendant was charged in count one of indictment No.

924/80 with the crime of burglary in the first degree, committed as follows: "The defendant, above-named, on or about April 21, 1980 in the night-time, in the County of Queens, knowingly entered and remained unlawfully in the dwelling of SHERWIN CERINI with intent to commit a crime therein, to wit, Larceny, and in effecting entry and while in the dwelling and in immediate flight therefrom, caused physical injury to a non-participant in the aforesaid crime, namely SHERWIN CERINI". At the conclusion of the trial, the court found the defendant guilty of the lesser included offense of burglary in the second degree, specifically finding that the defendant had knowingly entered a dwelling at night and unlawfully remained therein with the intention of committing an assault. This finding was obviously at variance with the theory of the indictment to which the prosecution had limited itself (see, People v Shealy, 51 NY2d 933, 934; People v Barnes, 50 NY2d 375, 379, n 3; People v Thomas J. S., 61 AD2d 1018). Nor does the record support a conclusion that the defendant had entered the subject dwelling with the intent of committing an assault. Accordingly, the defendant's conviction of burglary in the second degree must be reduced to criminal trespass in the second degree. The matter need not be remitted for resentencing inasmuch as the maximum period of incarceration allowable for criminal trespass in the second degree, a class A misdemeanor (Penal Law §§ 70.15, 140.15), has already been served by the defendant. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.