■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GILBERT, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Rensselaer County (Harris, J.), rendered January 14, 1985, upon a verdict convicting defendant of the crimes of burglary in the second degree and grand larceny in the second degree.

On January 2, 1981, defendant was apprehended pursuant to a warrant for the burglary of a jewelry store located in the City of Troy, Rensselaer County. Execution of the arrest warrant occurred at the entrance to an apartment building where defendant was then staying with his brother, Gary Robertson, and Robertson's wife and baby. A police search of their apartment unearthed property stolen two days earlier from the Troy residence of Charles Davey. Several hours later at the police station, defendant confessed in writing that he, Robertson and a friend, Duane Hull, had indeed burglarized the Davey home.

For that offense, defendant was tried three times on a two-count indictment alleging burglary in the second degree and grand larceny in the second degree. The first trial was reversed because defendant was improperly tried in absentia (96 AD2d 648), the second ended in a hung jury, and on retrial the jury returned the verdict *sub judice* convicting defendant on both counts of the indictment. The evidentiary basis for the verdict was the testimony of the accomplice Hull, the spoils of the theft fund in the Robertsons' apartment and defendant's confession.

An attack on the legality of the search which produced the stolen goods and, derivatively, his confession constitutes the focal point of defendant's appeal. Although the police here conducted a warrantless search of the apartment in which defendant was staying over his protests, they did so with the consent of the other two apartment dwellers. The law controlling under such circumstances is clear.

"[T]he police may lawfully conduct a warrantless search when they have obtained the voluntary consent of a party who possesses the requisite degree of authority and control over the premises * * * in question * * *. Furthermore, it has consistently been held that where two or more individuals share a common right of access to or control of the property to be searched, any one of them has the authority to consent to a warrantless search in the absence of the others [citations omitted]" *(People v Cosme,* 48 NY2d 286, 290). Testimony adduced at the various stages of this prosecution establishes

that while the Robertsons' consent was reluctantly forthcoming, it was not coerced. That the ulterior purpose behind the officers' desire to explain to the Robertsons why the then 17-year-old defendant was being arrested and how bail could be arranged may have been to gain access to the apartment does not detract from the voluntariness of their consent.

Once inside the apartment, defendant's brother acknowledged that the stereo equipment discovered in full view in the front room was stolen property. The officer then asked if Robertson would permit a search of the premises; after being informed of the implications if more stolen goods were detected, he executed a written consent. At no point does the record indicate use of overbearing police pressure or threats directed at either of the Robertsons who, significantly, were not under arrest at the time (see, People v Gonzalez, 39 NY2d 122, 128). In light of the foregoing, County Court cannot be faulted for concluding that the Robertsons' consent was voluntary.

Nor is there substance to defendant's claim that the officers lacked authority to search the front room. Defendant's brother and sister-in-law had placed no limits on the scope of their consent to search their one-bedroom apartment. The officers' reliance on the Robertsons' apparent authority to authorize a search of the entire apartment was entirely reasonable. Hence, even if, as defendant contends, they had given him exclusive possession of their living room in exchange for his baby-sitting and minimal household services, suppression of the fruits of the search would not be required (see, People v Adams, 53 NY2d 1, 9; People v Van Buren, 87 AD2d 900, 901).

The corroboration which the stolen goods afford the testimony of the accomplice Hull sustains the conviction and obviates the need for extensive discussion of defendant's assailment of the admissibility of his confession. It suffices to note that his claims that the police unduly delayed his arraignment, improperly denied him access to his mother and psychologically coerced him are without support in the record. And as for defendant's suggestion that the police provoked his confession by misrepresenting to him that his brother, Robertson, had confessed, it is noteworthy that despite his youth, defendant is a veteran of the criminal justice system. Furthermore, the testimony with respect to whether any deception occurred was equivocal, raising a question of fact for the suppression court, which decided this issue against defendant.

We also find no impropriety in County Court's Sandoval ruling and submission to the jury of both counts of the

indictment. While those decisions were not in conformity with rulings which had been made in the two preceding trials, those earlier rulings did not foreclose the Trial Judge from exercising his discretion with regard to trial issues when they were presented to him for resolution (see, People v Brensic, 118 Misc 2d 390, 390-391). Moreover, the decision to allow the People to impeach defendant's credibility with crimes committed subsequent to those for which defendant was being tried has a sound basis in law (see, People v Pavao, 59 NY2d 282, 291-292).

Also proper was County Court's determination that grand larceny in the second degree is not a lesser included offense of burglary in the second degree, since the former calls for proof that the stolen property exceeded $1,500 in value while, in 1980, the latter crime contemplated entry at night with a criminal intent. The elements necessary to make out the lesser crime plainly precluded its treatment as a lesser included offense.

We have considered and find defendant's other points not at all persuasive.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Yesawich, Jr., JJ., concur.