■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR WASHINGTON, Appellant.—Judgment, Supreme Court, New York County (Herbert Shapiro, J.), rendered August 7, 1989, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree and sentencing him, as a predicate felony offender, to an indeterminate prison term of from 1½ to 3 years, unanimously affirmed.

Police officers, patrolling the vicinity of Fteley Avenue and Bruckner Boulevard in the Bronx at approximately 5:45 P.M. on August 11, 1988, observed defendant sitting in the passenger seat of a black 1985 Oldsmobile, leaning towards the driver side. As the officers approached, defendant sat upright and a slaphammer fell from the car. The officers noted that a bag containing screwdrivers and other tools lay between defendant's feet. The Oldsmobile's hood was hot despite the fact

the car had been parked beneath the shade of a tree. Missing from inside the vehicle were the car radio, the wing nut on the steering column and a wheel cover. Petitioner admitted that the car was not his, explaining that he thought the car was abandoned.

The Oldsmobile owner, who reported the car stolen at approximately 3:00 P.M. the same day, testified the car was operable, in "perfect condition", and locked prior to the theft. The People's expert automobile appraiser stated the "Red" book value of the car to be $8,400, less approximately $1,200 in damages.

Contrary to defendant's argument, we find the evidence in the record, when viewed in a light most favorable to the People (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932), sufficiently established that defendant knowingly possessed a stolen automobile valued in excess of $100 (see, Penal Law § 165.45 [5]). Testimony as to the recent condition of the car, combined with the expert testimony, was adequate to establish the value of the stolen property. Common experience would lead a reasonable man to conclude that defendant, who was found in possession of tools associated with car theft, and was sitting alone in the car whose hood was hot and whose dashboard and steering column had been tampered with, was aware that the property was stolen, and had exercised dominion and control over the Oldsmobile (see, e.g., People v Hadley, 67 AD2d 259). Defendant's argument that the car was inoperable is in direct contrast to the owner's testimony that the car was in perfect running condition just three hours prior to defendant's apprehension, and as such, merely raised an issue to be resolved by the trier of fact. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.