■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VANDON JONES, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.) rendered January 4, 1990, convicting defendant, after a jury trial, of criminal possession of stolen property in the fourth degree and unauthorized use of a motor vehicle in the third degree, and sentencing him to concurrent terms of imprisonment of from two to four years and six months, respectively, unanimously affirmed.

While on traffic enforcement and routine patrol, police officers attempted to pull over defendant for a traffic violation. When he drove away, he was pursued and apprehended. It was then determined that the automobile he was driving was stolen.

At trial, the People's expert, a licensed automobile appraiser, testified as to the value of the automobile based on book value less estimated cost of repairs. Defendant contends that the court impermissibly interfered with his right to present a defense by excluding the testimony of his only witness which would have impeached the credibility of the prosecution's expert witness by ruling that defendant's witness was unqualified as an expert in automobile valuation and ordering his testimony stricken as inadmissible opinion. However, the defense objected only to the evidentiary issue of the witness' qualification as an expert and thus the argument that the preclusion of his testimony interfered with defendant's right to present a defense is unpreserved for appellate review (CPL 470.05 [2]). Nor did defendant seek a continuance to produce a qualified expert (see, People v Foy, 32 NY2d 473, 478), and he thus abandoned any claim that he was wrongly precluded from presenting a defense (see, People v Rodriguez, 50 NY2d 553). The qualification of an expert witness is within the court's sound discretion, and its determination will not be disturbed in the absence of serious mistake, an error of law or abuse of discretion (Werner v Sun Oil Co., 65 NY2d 839, 840). There is no such showing here. While defendant's witness had experience as an automobile dealer, he was unaware of the licensing procedures for appraisers and had no formal training in the field. Thus the People's expert's testimony to the effect that the automobile had an ultimate value after repair costs of $1,700, fully satisfied the minimum $100 statutory threshold (Penal Law § 165.45 [5]; see, People v Washington, 167 AD2d 247). We have examined defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Wallach and Smith, JJ.