■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. VEGA, Appellant. [606 NYS2d 83] —Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered April 3, 1992, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

Defendant's rape and sodomy convictions stem from his forcible entry into the victim's home. At the time, the victim resided in her apartment with her young daughter. The victim knew defendant for about 1½ years as a friend of her previous roommate who had moved out of the apartment. The victim testified that her prior association with defendant was friendly and casual only, and involved no romantic relationship. She testified to the force used by defendant against her and to her resistance, as well as her attempts to awaken her next door neighbor without success. The defense claimed that the acts were consensual. The two versions presented credibility issues for the jury to resolve. The jury obviously credited the victim's version and we find the verdict to be supported by the weight and sufficiency of the evidence (see, People v Murphy, 188 AD2d 742, lv denied 81 NY2d 890) when viewed, as it must be, in a light most favorable to the People (see, People v Contes, 60 NY2d 620, 621).

Following his conviction, defendant was sentenced to con-

current prison terms of 8⅓ to 25 years. We find no basis to disturb this sentence in the circumstances *(see,* CPL 470.15 [6] [b]; *People v Keller,* 194 AD2d 877, *lv denied* 81 NY2d 1074). We add that defendant's argument that County Court erred in failing to grant a continuance so that he could locate a witness was waived by his failure to move in a timely fashion *(see, People v Jones,* 171 AD2d 609, 610, *lv denied* 77 NY2d 996). In any event, we see no abuse of discretion in County Court's ruling and it appears that the testimony of the witness, who testified at a prior trial, would have been merely cumulative to that already offered by other witnesses *(see, People v Vickers,* 163 AD2d 500, *lv denied* 76 NY2d 992).

Accordingly, the judgment of conviction should in all respects be affirmed.

Weiss, P. J., Mercure, White and Mahoney, JJ., concur. Ordered that the judgment is affirmed.