■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSALIA SHEIKH, Appellant. [666 NYS2d 314] —Mercure, J. Appeal from a judgment of the County Court of Otsego County (Nydam, J.), rendered May 9, 1994, upon a verdict convicting defendant of the crime of forgery in the second degree.

A Grand Jury returned an indictment charging defendant with a single count of forgery in the second degree committed on or about January 2, 1993, at which time defendant issued herself a $1,033.50 check on the office account of her employer, Jorge Smud. At trial, defendant acknowledged issuing the check by affixing a facsimile of Smud's signature with an office signature stamp and depositing the money, which she stated was earned overtime pay, into her own account. Based upon defendant's admissions and further evidence that the check was neither recorded in the disbursement journal nor documented in any office records and that Smud did not authorize defendant to issue checks using his signature stamp, and in fact had an office policy (as documented in an office manual) that prohibited overtime pay, we conclude that the evidence was legally sufficient to support a conviction of forgery in the second degree (see, Penal Law § 170.10 [1]; *People v Chico*, 90 NY2d 585; *People v Cabey*, 85 NY2d 417, 420). Further, upon the exercise of our factual review power, we are satisfied that the jury's verdict is not against the weight of the evidence (see, *People v Gabriel*, 241 AD2d 835, 836; *People v Hartsock*, 189 AD2d 991, 992; *People v Wagner*, 178 AD2d 679). Such of defendant's testimony as contradicted that given by the People's witnesses merely created a credibility issue for resolution by the jury (see, *People v Waite*, 243 AD2d 820; *People v Vega*, 199 AD2d 822, *lv denied* 83 NY2d 859; *People v Murphy*, 188 AD2d 742, 743, *lv denied* 81 NY2d 890).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Otsego County for further proceedings pursuant to CPL 460.50 (5).