■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARY KOLEMPEAR, Appellant. [701 NYS2d 92] —Appeal by the defendant from a judgment of the County Court, Westchester County (Perone, J.), rendered July 13, 1998, convicting her of burglary in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of burglary in the second degree to criminal trespass in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally insufficient to support the defendant's burglary conviction. To support a conviction of burglary in the second degree (*see,* Penal Law § 140.25 [2]), the People ordinarily do not need to establish that the defendant intended to commit a particular crime inside the dwelling in question (*see, People v Gaines,* 74 NY2d 358, 362; *People v Mackey,* 49 NY2d 274, 278-281). Here, however, the People were required to prove that the defendant

intended to commit a larceny, having limited themselves to this theory in their bill of particulars and opening statement (*see, People v Shealy,* 51 NY2d 933; *People v Barnes,* 50 NY2d 375, 379, n 3; *People v Davis,* 118 AD2d 795). Since there was no evidence from which a trier of fact could conclude beyond a reasonable doubt that the defendant intended to commit a larceny inside the dwelling, the defendant's conviction for burglary in the second degree must be reduced to the lesser-included offense of criminal trespass in the second degree, which was proven.

Inasmuch as the defendant has already served the maximum sentence which could be imposed for criminal trespass in the second degree (*see,* Penal Law § 70.15 [1]), we do not remit the matter for resentencing. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.