THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK FIGUEROA, Appellant. [830 NYS2d 80]—

Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered August 2, 2004, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 15 years and 7 years, respectively, unanimously affirmed.

In an effort to cast doubt on the People's theory that this crime involved rival drug dealers, defendant offered, as a dying declaration, evidence that while en route to the hospital the deceased said to the officer, "I don't know who did this to me. I don't know nothing." After an extensive hearing outside the jury's presence, the court properly determined that this statement did not qualify as a dying declaration. At the time the statement was made, the condition of the deceased, who sustained a gunshot wound to his abdomen, appeared to have stabilized. He was breathing normally and there is no indication that at the time the statement was made, he was "under a sense of impending death, with no hope of recovery" (*People v Nieves*, 67 NY2d 125, 132 [1986]). While the deceased made a remark to a witness immediately after the shooting that might be viewed as suggesting a sense of impending death, the alleged dying declaration occurred later, after the deceased had received medical aid.

Since defendant based his application to introduce the alleged dying declaration entirely on state evidentiary law and never asserted a constitutional right to introduce it, his present constitutional claim is unpreserved (*see e.g. People v Angelo*, 88 NY2d 217, 222 [1996]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court did not violate defendant's right to present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]), especially in light of the unreliability and minimal exculpatory value of this evidence.

Defendant's claim that the statement qualified as an excited utterance is likewise unpreserved and unavailing. The record indicates that the statement was the product of "studied reflection" (*People v Johnson*, 1 NY3d 302, 306 [2003]). Trial counsel's failure to offer the statement as an excited utterance did not deprive defendant of effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The court providently exercised its discretion in denying defendant's mistrial motion (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]) made after certain incidents that occurred during the trial as a result of a court officer's involvement in the case. The court officer was reassigned to another courtroom, and, after an inquiry, the court ascertained that the jury had no knowledge of these incidents. There is nothing in the record to suggest that the court officer's involvement had any prejudicial effect. Concur—Tom, J.P., Sullivan, Nardelli, Gonzalez and Malone, JJ.