■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA VANDERMUELEN and WAYNE VANDERMUELEN, Appellants. [839 NYS2d 835]—

Rose, J. Appeals (1) from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered May 30, 2006, upon a verdict convicting defendant Theresa Vandermuelen of the crimes of grand larceny in the second degree, grand larceny in

the fourth degree, forgery in the second degree and identity theft in the third degree, and (2) from a judgment of said court, rendered May 30, 2006, upon a verdict convicting defendant Wayne Vandermuelen of the crime of grand larceny in the second degree.

After defendant Theresa Vandermuelen (hereinafter defendant) expended more than $150,000 from bank accounts held jointly with her elderly grandmother, Helen Palko, she and her husband, defendant Wayne Vandermuelen (hereinafter Vandermuelen), were charged with grand larceny in the second degree. Defendant was also charged with grand larceny in the fourth degree and forgery in the second degree as a result of her endorsement of a check payable to her deceased father, and identity theft in the third degree based upon her application for and use of a credit card in Palko's name. The evidence at the jury trial showed that the funds in the joint bank accounts had come solely from Palko, and that Palko voluntarily placed the funds in joint names to enable defendant to pay Palko's bills and expenses. Defendant then wrote many checks on the accounts payable to herself. She also used $75,000 of the funds to purchase a home for Palko to live in. She titled the home in defendants' names and eventually sold it, keeping the proceeds. Neither defendant nor Vandermuelen testified at trial, but defense counsel argued, among other things, that defendant's use of the funds could not constitute larceny because she was a joint owner of the accounts. County Court rejected the argument, charging the jury as to larceny using only the general definition in Penal Law § 155.05 (1) and without any instruction as to the ownership of a joint bank account.*

The jury convicted defendants as charged. County Court then sentenced defendant to a prison term of 3 to 9 years on her conviction of grand larceny in the second degree to run concurrent with one-year terms on the other charges, sentenced Vandermuelen to five years of probation and ordered them to pay restitution in the amount of $165,088.39. Defendants now appeal.

We are persuaded by defendants' argument that the evidence at trial was legally insufficient to establish their guilt of grand larceny in the second degree as it was presented by the prosecu-

---

* Penal Law § 155.05 (1) states: "A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." County Court limited its charge defining an "owner" to a person having a right to possession superior to that of the taker (see Penal Law § 155.00 [5]).

tion. The indictment stated that defendants, acting in concert from December 2002 through May 2004, stole in excess of $50,000 from Palko. The People's bill of particulars specified that defendants "did intentionally and fraudulently obtain . . . Palko's signature on a power of attorney and did then steal over the course of a number of months United States Currency from [Palko's] bank accounts and fraudulently obtained title to a house using money from these accounts that did not belong to them." In his opening, the prosecutor explained that the proof would show that after defendant set up joint bank accounts with Palko, she stole Palko's money by withdrawing funds from the accounts for her own benefit. Although the prosecutor also mentioned the power of attorney, there was no claim or evidence that defendant obtained Palko's funds by that means. Having expressly limited themselves to this theory in their bill of particulars and opening statement, the People were required to prove that defendant committed larceny by taking money from the joint bank accounts over a period of time (see *People v Shealy*, 51 NY2d 933, 934 [1980]; *People v Barnes*, 50 NY2d 375, 379 n 3 [1980]; *People v Davis*, 118 AD2d 795, 796 [1986]). Because defendant clearly had been made a joint owner of those accounts, however, she could not be convicted of grand larceny in the second degree based upon proof of her unauthorized withdrawal and use of the funds (see *People v Antilla*, 77 NY2d 853, 855 [1991]; *People v Zinke*, 76 NY2d 8, 11-12 [1990]). While the evidence here might give rise to civil liability, as a matter of law no theft from the joint accounts was proven.

When County Court reviewed this very issue upon defendants' motion to set the verdict aside pursuant to CPL article 330, it stated that the larceny here was not in taking moneys from the joint accounts, but in fraudulently creating them. The court also suggested that larceny by false promise (see Penal Law § 155.05 [2] [d]) was the actual theory of larceny supported by the trial evidence. In their appellate brief, however, the People rejected defendants' contention that larceny by false promise was the People's theory of the case and argued that in addition to simple larceny, the evidence proved a larceny by false pretenses or trick (see Penal Law § 155.05 [2] [a]). The record, however, is devoid of evidence that defendant made a false representation or statement of a prior or existing fact upon which Palko relied in creating the joint accounts (see *People v Norman*, 85 NY2d 609, 618 n 3, 619 [1995]; *People v Hart*, 300 AD2d 987, 987 [2002], *affd* 100 NY2d 550 [2003]), and Palko testified only as to defendant's promise as to how the accounts would be used in the future.

To the extent that the People now in oral argument raise

larceny by false promise as a possible basis for defendants' conviction, we find nothing in the record indicating that they intended to prove this type of larceny. Based upon the People's pleadings, the prosecutor's opening statement, and the charge conference, defendants had no reason to believe that larceny by false promise was the basis for the charge against them or to object to its consideration. Also, to establish larceny by false promise, the inference of criminal intent may not be drawn solely from the fact that the defendant's promise was not performed (*see* Penal Law § 155.05 [2] [d]; *People v Kramer*, 92 NY2d 529, 542 [1998]). Here, the only direct evidence of such criminal intent was defendant's repeated failure to do what she had promised. Given this, the People may not assert the theory now to salvage defendants' convictions of grand larceny in the second degree. Accordingly, the first count of the indictment must be dismissed as to both of them (*see* CPL 470.20 [2]). As the proof did not satisfy any other theory of larceny, this case is distinguishable from *People v Houghtaling* (14 AD3d 879 [2005], *lv denied* 4 NY3d 831 [2005]).

We cannot, however, agree with defendant that the evidence was legally insufficient to support the charges of grand larceny in the fourth degree and forgery in the second degree. Defendant's signing and cashing of a pension check payable to her deceased father without an order of the Surrogate's Court was legally sufficient to demonstrate her lack of authority and a resulting theft (*see People v Sheikh*, 245 AD2d 811, 812 [1997]). Given that this was the only evidence before the jury, its verdict also was not against the weight of the evidence.

The evidence was also legally sufficient to establish defendant's commission of the crime of identity theft in the third degree (*see* Penal Law § 190.78 [1]). The credit card account was opened in the victim's name and with her identifying information, and three charges were made. Palko testified that she never applied for the credit card and had not made any purchases with it. We find no merit in defendant's claim that the power of attorney authorized her application for the credit card on Palko's behalf, as there was no reference in the application or the bank manager's testimony that defendant made the application on Palko's behalf or pursuant to a power of attorney.

Defendants' remaining contentions, including the claims of prosecutorial misconduct and ineffective assistance of counsel, have been reviewed and rejected.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment as to defendant Theresa Vandermuelen is modified, on the law, by reversing said defendant's

convictions of grand larceny in the second degree under count one of the indictment; said count dismissed as to said defendant, sentence imposed thereon and amount of restitution vacated and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision, including a new determination of the amount of restitution; and, as so modified, affirmed. Ordered that the judgment as to defendant Wayne Vandermuelen is reversed, on the law, and indictment as to said defendant dismissed.