# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1087

KA 12-01688

PRESENT: SMITH, J.P., CENTRA, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

MORRIS B. YUSON, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 7, 2012. The judgment convicted defendant, upon a jury verdict, of identity theft in the first degree (two counts) and criminal possession of a forged instrument in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of identity theft in the first degree (Penal Law § 190.80 [3]) and criminal possession of a forged instrument in the second degree (§ 170.25), stemming from two different incidents in which defendant deposited forged checks into his bank account. Defendant, relying on *People v Barden* (117 AD3d 216, 224-230, *lv granted* 24 NY3d 959), contends that the conviction of identity theft in the first degree is not supported by legally sufficient evidence because the People did not establish that he assumed the identity of another person. We reject that contention. As relevant herein, the statute provides that "[a] person is guilty of identity theft in the first degree when he or she knowingly and with intent to defraud assumes the identity of another person by presenting himself or herself as that other person, or by acting as that other person or by using personal identifying information of that other person, and thereby . . . commits or attempts to commit a class D felony" (§ 190.80 [3]). There was no evidence at trial that defendant presented himself as the victims or acted as those victims, and the People proceeded on the theory that defendant assumed the identity of the victims by using their personal identifying information. In relevant part, the term " 'personal identifying information' means a person's name, address, telephone number, date of birth, driver's license number, social security number, place of employment . . . [or]

checking account number or code" (§ 190.77 [1]).

We decline to follow *Barden*, which concludes that "assumption of identity is not necessarily accomplished when a person uses another's personal identifying information" (*id.* at 227), and that the People must prove both that a defendant used the personal identifying information of the victim and that he assumed the victim's identity (*see id.* at 226-227).  Instead, we conclude that the statute is unambiguous and defines the phrase "assumes the identity of another person" by the phrase that immediately follows it, i.e., by, inter alia, using the personal identifying information of that other person (Penal Law § 190.80).  Therefore, inasmuch as the People established that defendant used the personal identifying information of the victims, they thereby established that defendant assumed their identities for the purposes of the statute.

Defendant's further challenge to the legal sufficiency of the evidence with respect to the identity theft convictions is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19).  Viewing the evidence in light of the elements of the crime of identity theft in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  Finally, defendant contends that the ability of certain jurors to remain fair and impartial was affected by an allegedly prejudicial remark made by a police officer in their presence.  County Court questioned the jurors who were present when the remark was made and determined that none of them overhead the prejudicial remark (*see generally People v Buford*, 69 NY2d 290, 299).  The court therefore did not abuse its discretion in denying defendant's motion for a mistrial (*see People v Matt*, 78 AD3d 1616, 1617, *lv denied* 15 NY3d 954; *People v Bassett*, 55 AD3d 1434, 1435, *lv denied* 11 NY3d 922; *People v Figueroa*, 37 AD3d 246, 247, *lv denied* 8 NY3d 984).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court