# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 14
The People &c.,
   Appellant,
  v.
Jayquaine Seignious,
   Respondent.

Franklin R. Guenthner, for appellant.
Jan Hoth, for respondent.

GARCIA, J.:

Defendant was charged with burglary in the second degree as a sexually motivated felony. This charge required the People to prove both that defendant committed the underlying burglary and that the burglary was motivated, at least in substantial part, by

defendant's own sexual gratification. At the People's request, the trial court charged second-degree burglary as a lesser included offense. The Appellate Division reversed defendant's burglary conviction, holding that the People had so limited their theory of the case to the more serious offense that requiring defendant to defend against the lesser offense violated his right to notice of the charges against him. We disagree and reverse.

I.

Defendant confronted, assaulted, and groped several women outside of a New York University dormitory, including grabbing a student by the throat and sexually assaulting her. The students managed to run from defendant and into their dormitory. Shortly thereafter, defendant entered the dormitory and had an altercation with the building's security guard who tried to block his way, but defendant pushed through the turnstiles that separated the dormitory's public lobby from the elevator bank that led to the private residences. The security guard was able to return defendant to the lobby, where defendant continued to harass students until police arrived and arrested him.

Defendant was indicted on charges of burglary in the second degree as a sexually motivated felony (Penal Law §§ 130.91 [1], 140.25 [2]), sexual abuse in the first degree (Penal Law § 130.65 [1]), and criminal obstruction of breathing or blood circulation (Penal Law § 121.11 [a]), among other crimes. He was not indicted for burglary in the second degree.

Defendant proceeded to trial. At a mid-trial charge conference, the People asked the court to charge the jury on burglary in the second degree as a lesser included offense of burglary as a sexually motivated felony. Defense counsel objected to the submission of

that charge, arguing that ordinary burglary is not a lesser included offense and that, because of the People's theory of the case, defendant was deprived of notice that he would need to defend against a crime that was not sexual in nature. The trial court rejected defendant's arguments, holding that ordinary second-degree burglary met the two-prong test for submission of lesser included offenses set out in CPL 300.50 (1). As to notice, the court explained that while defense counsel kept "talking about [whether defendant] intended to commit a sex crime, . . . that's not really what the extra component is. The extra component has to do with what his ultimate goal was and whether it was his own sexual gratification" and that the court could "envision…the evidence unfolding such that there is a reasonable view of the evidence that [defendant] entered with the intent to forcibly touch women, but not for his own direct sexual gratification, which would make him guilty of Burglary in the Second Degree, but not as a sexually motivated felony." The court repeated that "the evidence could end up showing that he intended to harass women sexually, but not for his own sexual gratification." Prior to summations, defense counsel again objected to a jury charge on second degree burglary, citing this Court's decision in *People v Shealy* (51 NY2d 933, 934 [1980] ["Having pleaded that defendant entered or remained with intent to commit the crime of sexual abuse, the People were obligated to prove just that"]), and the court again denied the objection. Defendant never requested that the jury charge on the lesser included offense be narrowed to a specific theory of the crime; he asked only that the charge be precluded entirely. Defendant was convicted of, among other crimes, second-degree burglary but was acquitted of the sexually motivated felony.

The Appellate Division reversed defendant's burglary conviction (202 AD3d 511 [1st Dept 2022]). While the court agreed that the requirements of CPL 300.50 were met, the court nevertheless held that the trial court "improperly charged the lesser-included offense because the People, through the way they presented their case, deprived defendant of notice of the possibility that the jury would be asked to consider a lesser-included" (*id.* at 514-515). The court saw no merit in the People's argument that they "never overtly relinquished" the lesser included charge submitted to the jury, reasoning that "it should not make any difference that a defendant was deprived of notice because the People affirmatively abandoned their pursuit of a conviction on a potential offense…or…so constricted their theory of the case that a defendant would be lulled into defending against that crime only, and not any potential lesser included crimes" (*id.* at 515, citing *People v Rothman,* 117 AD2d 535 [1st Dept 1986], *affd for reasons stated below* 69 NY2d 767 [1987]). As a result, the court dismissed the second-degree burglary count, reducing defendant's sentence from 13 to 7 years, and otherwise affirmed.

A Judge of this Court granted leave (38 NY3d 1035 [2022]), and we now reverse.[1]

II.

Under Penal Law § 130.91 (1), "[a] person commits a sexually motivated felony when he or she commits a specified offense for the purpose, in whole or substantial part, of his or her own direct sexual gratification." The statute specifies thirty qualifying

---

[1] We reject defendant's arguments that the issue of law raised by the People on this appeal is unpreserved or otherwise beyond this Court's power of review.

offenses (as well as the conspiracy or felony attempt to commit an enumerated offense), including second degree burglary (Penal Law § 130.91 [2]). To establish a defendant's guilt of a sexually motivated felony, the People must prove each element of the underlying specified crime—here, the burglary—and the additional element that the motivation for committing that crime was "in whole or substantial part" for the defendant's own sexual gratification (*see* CJI2d [NY] Penal Law § 130.91 [1]).

The second-degree burglary statute, Penal Law § 140.25, provides in relevant part that a person who "knowingly enters or remains unlawfully in a building (that is a dwelling) with intent to commit a crime therein" (Penal Law § 140.25 [2]), is guilty of that crime. This Court has made clear that "to secure a conviction for burglary the State need not establish what particular crime the intruder intended to commit, nor is it necessary that the intended crime in fact be committed" (*People v Mackey,* 49 NY2d 274, 279 [1980] [internal quotation marks and citations omitted]). In this case, to convict defendant of second-degree burglary as a sexually motivated felony, the People needed to prove all the elements of the underlying crime of burglary.

Two points are necessary to frame defendant's argument that he lacked notice of the lesser charge. First, by charging second-degree burglary as the underlying crime, the People do not necessarily limit their proof to a specific subset of crimes the defendant intended to commit once inside the building. In other words, charging burglary as a sexually motivated felony does not, by itself, limit the People to proving that a defendant intended to commit what is traditionally considered a "sex crime" when he or she entered the dwelling. Instead, the People must prove that, regardless of the crime the defendant

intended to commit inside the dwelling, the burglary was motivated in substantial part by personal sexual gratification. For example, the People may charge a sexually motivated burglary based on a theory that the defendant intended to commit larceny once inside of a dwelling, but still maintain the motivation for the burglary was sexual gratification.

Second, the inverse is also possible: the People may argue that the intended crime was obviously sexual in nature, but the jury may find that, although the defendant entered or remained in the dwelling intending to commit that crime, the motivation was something other than sexual gratification. In that situation, as the trial court here made clear in rejecting defendant's argument, the proof may be insufficient to convict defendant of the sexually motivated felony but sufficient as to the lesser included offense of burglary in the second degree.

III.

There is no dispute that the two conditions required to obtain a jury charge on a lesser included offense under Criminal Procedure Law 300.50 (1) and (2) were met here. Second-degree burglary is a lesser included offense of second-degree burglary as a sexually motivated felony and there is a reasonable view of the evidence from which the jury could have determined that defendant committed second-degree burglary, but that it was not sexually motivated (*see* 202 AD3d at 514; *People v Glover,* 57 NY2d 61, 64 [1982]). We turn then to two other principles relevant to the submission of lesser included offenses applicable to our analysis here. First, where the People have affirmatively abandoned their pursuit of a conviction for a certain crime, the court may not then charge the jury on that crime as a lesser included offense. For example, in *People v Rothman,* relied on by the

Appellate Division below (*see* 202 AD3d at 515), the People initially indicted defendants on charges of grand larceny and attempted grand larceny but, upon their own motion and without explanation, dismissed the attempted grand larceny counts prior to trial (*Rothman,* 117 AD2d at 535). The trial court nevertheless charged the lesser included offense of attempted grand larceny sua sponte over a defense objection. This Court affirmed the holding that submitting the lesser included offense was an abuse of the trial court's discretion because, under these circumstances, the defendants were "deprived of their right to know they were being tried for attempted grand larceny" because it was explicitly dismissed by the People before the trial began (*id.* at 536, *affd* 69 NY2d 767).

This rule has no application here: the People did not indict defendant on ordinary burglary and later withdraw or affirmatively abandon that charge. Rather, the indictment charging defendant with second-degree burglary as a sexually motivated felony specifically identified the lesser included crime as the qualifying offense (*see People v Saenger,* 39 NY3d 433, 438 [2023], quoting *People v Iannone,* 45 NY2d 589, 594 [1978] [indictment is generally " 'considered as the necessary method of providing the defendant with fair notice of the accusations made' "]; *see also Rothman,* 117 AD2d at 535-536 ["(o)rdinarily an indictment for a crime gives sufficient notice of any lesser included crimes"] [internal citations omitted]; *William C. Donnino,* Practice Commentary, McKinney's Crim Proc Laws of NY, CPL 300.40 ["Each count of an indictment charges a specific crime and by operation of law its applicable lesser included offenses"]). Nor did the People take any action following the indictment indicating affirmative abandonment of

that lesser included charge such that defendant was deprived of the constitutionally required notice of the charges against him.

Next, the People may also restrict their theory of the crime to such an extent that an appropriate limitation on the jury charge is required. In a burglary prosecution, the People may do so by specifying the crime the defendant intended to commit in the pleadings (*see Shealy,* 51 NY2d at 934), by providing such information in their bill of particulars (*see People v Edmonds,* 165 AD3d 1494, 1495 [3d Dept 2018]), or through a similarly explicit limitation in their presentation of the case (*see People v Kolempear*, 267 AD2d 327, 327-328 [2d Dept 1999] [the People's theory of the case limited in their bill of particulars and opening statement]; *see also People v Barnes*, 50 NY2d 375, 379 n 3 [1980] [where the people "expressly limited" their theory of the burglary to one of larceny, they were obligated to prove that narrow theory]).[2] If so, the trial court must appropriately tailor the burglary charge to the theory the People have presented (*see* CJI2d [NY] Penal Law § 140.25 [2] at 4 n 14 ["(i)f, in the indictment or bill of particulars, the People allege that the defendant intended a specific crime, that crime must be specified . . . and the third element should then be . . . (t)hat the defendant did so with the intent to commit (the specified crime) inside the building"], citing *Barnes*, 50 NY2d at 379 n 3). But here, defendant never requested that any limiting instruction be given if the charge were submitted. Instead, the

---

[2] In *Barnes,* during the People's summation at defendant's bench trial for burglary and attempted petit larceny, the People asked the Court to "infer from the circumstantial evidence that the defendant had the intent to commit a crime, that crime being that he intended to take property from the store."

defense argued, and the Appellate Division held, that the People were entirely precluded from submitting the lesser included offense of burglary in the second degree to the jury. Therefore, whether the People limited their theory to an extent requiring a more circumscribed jury instruction is not at issue here.

The Appellate Division appears to have conflated the rule limiting the People to an explicit theory of the crime intended with respect to a burglary charge (*see Barnes,* 50 NY2d at 379 n 3) with caselaw precluding submission of a lesser included offense where the People have unequivocally signaled their intention to abandon that charge (*see Rothman,* 117 AD2d at 536). The consequence of the court's holding, that the People so "constricted their theory of the case" that defendant was "lulled" into defending against only burglary as a sexually motivated felony and not second degree burglary, would in effect be to prevent a trial court from ever charging the lesser included offense whenever the People charge second-degree burglary as a sexually motivated felony absent explicit notice to the defendant of their intent to do so (202 AD3d at 515). This approach is inconsistent with our caselaw and the criminal procedure law (*see People v Glover,* 57 NY2d 61 [1982] [setting out the standard for entitlement to a lesser included offense charge]; *People v Green,* 56 NY2d 427, 429 [1982] [prejudicial error for trial court to refuse defendant's request for a jury charge on a lesser included offense of the crime charged in the indictment]; *see also* CPL 300.50 [1] and [2]). Moreover, such a rule would have an effect well beyond the specific charges at issue here (*see e.g.* Penal Law § 485.05 [3] [defining the elements of a hate crime]; *see also People v Winston,* 205 AD3d 32, 40 [1st Dept 2022] [rejecting trial court's amendment of indictment to include lesser included

offense in a hate crime case made pursuant to CPL 200.70 and additionally citing the opinion below in this case and CPL 300.50]). We reject that reasoning and hold that, as there is no notice issue presented on this record, the lesser included offense charge was properly submitted to the jury (*see* CPL 300.50 [2]).

Accordingly, the Appellate Division order insofar as appealed from should be reversed, defendant's conviction of burglary in the second degree and sentence thereon reinstated, and the case remitted to that Court for consideration of defendant's excessive sentence claim regarding that conviction.

Order insofar as appealed from reversed, defendant's conviction of burglary in the second degree and sentence thereon reinstated, and case remitted to the Appellate Division, First Department, for consideration of defendant's excessive sentence claim regarding that conviction. Opinion by Judge Garcia. Chief Judge Wilson and Judges Rivera, Singas, Cannataro, Troutman and Halligan concur.

Decided February 22, 2024